TOBENS, f.k.a. Brill, Appellee,

v.

BRILL, Appellant.

[Cite as *Tobens v. Brill* (1993), 89 Ohio App.3d 298.]

Court of Appeals of Ohio,
Auglaize County.

No. 2–93–3.

Decided Aug. 19, 1993.

*Jamie B. Krieling*, for appellee.

*Calig & Handelman, L.P.A.*, and *Michael H. Moore*, for appellant.

HADLEY, Judge.

Defendant-appellant, Tracy S. Brill, appeals from the judgment of the Auglaize County Common Pleas Court granting custody of the parties' minor children to plaintiff-appellee, Carrie R. Tobens.

On March 8, 1991, the parties were granted a divorce. The trial court awarded custody of the parties' three minor children to appellant, and appellee was ordered to pay child support to appellant.

On February 19, 1992, appellant was convicted of aggravated trafficking in marijuana, a violation of R.C. 2925.03, by the Vinton County Common Pleas Court. Appellant was sentenced to not less than three years nor more than fifteen years in a state penitentiary.

On June 2, 1992, the parties' minor children began residing with appellee.

On July 30, 1992, appellee moved to modify the care and support of the parties' minor children. Appellee requested the Auglaize County Court of Common Pleas to name her as the residential parent and to require appellant to pay child support. Appellee also requested that all funds collected by the Auglaize County Child Support Enforcement Agency ("ACCSEA") from her be impounded.

On January 6, 1993, a hearing was held on the issues raised in appellee's motions. Appellant, being incarcerated at the time, was not present at this hearing. The trial court issued its judgment entry on February 17, 1993. Therein, it ordered that appellee be named the parties' residential parent and legal custodian, that appellant pay child support to appellee since the date the

minor children began residing with appellee, that appellee be reimbursed for any child support withheld after June 2, 1992, and that appellee be the primary provider of health care coverage.

It is from this judgment entry that appellant asserts five assignments of error.

### Assignment of Error Number One

"The Trial Court abused its discretion in requiring Defendant to pay $15.00 per week without consideration of the relevant factors in R.C. 3113.215 and without including and considering, as part of the record, the child support worksheets."

Appellant argues in his first assignment of error that the trial court imposed an amount he was to pay for child support without using the worksheet required by R.C. 3113.215. R.C. 3113.215(B)(1) provides:

"(B)(1) In any action in which a child support order is issued or modified * * * the court *shall* calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule in division (D) of this section, the applicable worksheet in division (E) or (F) of this section, and the other provisions of this section * * *." (Emphasis added.)

Division (D) of R.C. 3113.215 provides:

"(D) The following basic child support schedule *shall be used by all courts* when calculating the amount of child support that will be paid pursuant to a child support order * * *." (Emphasis added.)

Division (E) of R.C. 3113.215 provides:

"(E) When a court calculates the amount of child support * * * the court *shall* use a worksheet that is identical in content and form to the following worksheet * * *." (Emphasis added.)

The Ohio Supreme Court has stated that R.C. 3113.215 is written in terms which are mandatory in nature and if the child support calculation standard procedure outlined in the statute is not *specifically* followed by the trial court, the trial court must explicitly explain the deviation from the standard procedures. *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 142, 601 N.E.2d 496, 498. Thus, a child support worksheet, as required by R.C. 3113.215, must actually be completed for a child support order to be made. *Id.* at 142, 601 N.E.2d at 498.

In the matter *sub judice,* there is nothing in the record to indicate that the trial court used or consulted the worksheet required by R.C. 3113.215(E), or any worksheet. Therefore, the trial court's failure to comply with R.C. 3113.215 constitutes reversible error. *Id.* at 142–143, 601 N.E.2d at 498–499.

This assignment of error is well taken.

### Assignment of Error Number Two

"The trial court abused its discretion in not granting Defendant specific visitation."

In the trial court's judgment entry naming appellee the residential parent, it did not specify any visitation schedule for appellant.

■ R.C. 3113.215(C) provides:

"Whenever a court issues a child support order, it *shall* include in the order specific provisions for regular, holiday, vacation, and special visitation in accordance with section 3109.05 [*sic* [1]], 3109.11, or 3109.12 of the Revised Code or in accordance with any other applicable section of the Revised Code.  * * *" (Emphasis added.)

Herein, the trial court stated at the hearing that it would not grant visitation because appellant was incarcerated.

"THE COURT: No.  I'll grant,—I will name the mother the residential parent and as the custodial parent.  I will not spell out visitation rights to the father with him being incarcerated.  A main concern is that, you know, the week he gets out of the institution,—all of a sudden these kids haven't spent any time with him at all and all of a sudden to put 'em in for a summer visitation of four (4) weeks, not having had any kind of situation where they have been used to him at all.  I don't think that's a good idea, so I would much rather not include an entry of reasonable visitation.  That would, therefore, require him to either get consent of Mom or otherwise put on a consent entry or otherwise request the Court for visitation * * *.

" * * *

" * * * Let's let him get out and kind of get set up and have a few visitations with the kids shorter term before he goes and has four (4) weeks with 'em all in a row."

■ Although the trial court delineated its reasons for denying visitation at the hearing, we find that the trial court erred in not providing for *any* visitation schedule in its child support order, as required by R.C. 3113.215(C).

---

1.  It is presumed that the Ohio legislature intended this Ohio Revised Code section to be R.C. 3109.051.  R.C. 3109.05 deals exclusively with child support, whereas R.C. 3109.051 deals exclusively with visitation or companionship rights.  R.C. 3109.11 and 3109.12 relate to visitation or companionship rights in special circumstances.  Even if the use of "3109.05" was intentional by the legislature, R.C. 3113.215(C) provides that when making the visitation schedule, the court shall do so in accordance with *any* other applicable section of the Revised Code, which would necessarily include R.C. 3109.051.

Moreover, the trial court abused its discretion in denying all visitation because appellant is incarcerated and then requiring appellant to request visitation upon his release. R.C. 3109.051 does not prohibit visitation to an incarcerated parent. While incarceration is a special circumstance, the trial court did not consider other options which would allow appellant to visit his children prior to his release or a visitation schedule effective upon his release.

. The visitation statutes and R.C. 3113.215 make it clear that the trial court has discretion in fashioning a schedule to fit parents' needs and special circumstances. Rather than considering a schedule for the parties, this trial court simply denied appellant all visitation rights, without exploring all options of visitation.

The trial court's failure to specifically provide any visitation schedule in the child support order constitutes reversible error, as R.C. 3113.215(C)'s terms are mandatory in nature that a visitation schedule be devised. Also, the trial court deviated from these mandatory terms arbitrarily, which constitutes an abuse of discretion.

This assignment of error is well taken.

### Assignment of Error Number Three

"The Trial Court abused its discretion in ordering Defendant to reimburse Plaintiff for the child support paid to him for the minor children while in her care for the eight weeks from June 2, 1992, through July 24, 1992."

### Assignment of Error Number Four

"The Trial Court abused its discretion in Ordering Defendant to pay child support retroactive to June 2, 1992."

In its judgment entry modifying support and care of the minor children, appellant was ordered to pay child support, effective retroactively to June 2, 1992. Further, appellant was required to reimburse appellee for the child support appellee had paid to the ACCSEA for the support of the minor children from the date she began taking care of the minor children in her home, which was June 2, 1992. The trial court stated that appellant's arrears should be offset against appellee's arrears until appellee's arrears are paid in full.

Appellant argues that child support cannot be modified retroactively, but that if the court decides to modify support, modification is effective on the date the modification is requested. We agree with appellant.

It is well established in Ohio that child support cannot be modified retroactively. *McPherson v. McPherson* (1950), 153 Ohio St. 82, 41 O.O. 151, 90 N.E.2d 675. This rule has been codified at R.C. 3113.21(M)(3), which states:

"(M)(3) Except as provided in division (M)(4) of this section, a court may not retroactively modify an obligor's duty to pay a delinquent support payment."

The only extent to which child support payments can be retroactively modified is enunciated in R.C. 3113.21(M)(4), which states:

"(M)(4) A court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered."

■ Thus, if a court determines that a support order should be modified, it can only make the modification order effective from the date the motion for modification was filed. *Murphy v. Murphy* (1984), 13 Ohio App.3d 388, 13 OBR 471, 469 N.E.2d 564, *State ex rel. Draiss v. Draiss* (1990), 70 Ohio App.3d 418, 591 N.E.2d 354; *Osborne v. Osborne* (1992), 81 Ohio App.3d 666, 611 N.E.2d 1003.

■ In the instant matter, the trial court and appellant were put on notice on July 30, 1992, that appellee wished to modify the child support of the minor children. Therefore, the modification order can only be effective from July 30, 1992, and not June 2, 1992. Appellee's obligation to pay support for the minor children as ordered by the trial court in March 1991 remained in effect until July 30, 1992. Appellant's obligation to pay support did not begin until July 30, 1992. R.C. 3113.21(M)(3) and (4).

Assignments of error three and four are well taken to the extent that child support of the parties' minor children could not be modified until July 30, 1992.

### Assignment of Error Number Five

"The Trial Court abused its discretion in Ordering Defendant to pay all uninsured extraordinary health care expenses and abused its discretion in defining extraordinary health care expenses as all uninsured health care expenses beyond the first $50.00 of uninsured health care expenses."

■ Appellant's argument centers upon the burden of uninsured health care as allocated by the trial court in its judgment entry. Relevant to this assignment of error is the trial court's judgment entry, which states:

"7. Plaintiff shall provide health insurance coverage for the minor children as long as it is available to her through her employer or through another group health insurance plan at a reasonable cost. Defendant shall also provide health insurance coverage for the minor children if he has it available to him at a reasonable cost. Plaintiff shall be the primary provider and Defendant shall be the secondary provider.

"8. Plaintiff shall pay the 'ordinary health care expenses' which shall be defined as 'the first fifty dollars ($50.00) in health care expenses each year for each child not paid for or not covered by the health insurance.' All other health care expenses shall be extraordinary health care expenses and the Defendant shall pay the remaining health care expenses not covered by or not paid by the health insurance."

The trial court thus determined that for insured health care expenses, appellee would be the primary provider and appellant would be the secondary provider. In regard to uninsured health care expenses, the trial court determined that appellee would be responsible for the first fifty dollars of uninsured health care expenses. Appellant would be responsible for all remaining uninsured health care expenses.

R.C. 3113.215(B)(5)(f) addresses the issue of uninsured health expenses in a child support order:

"(f) The court shall not order an amount of child support for reasonable and ordinary uninsured medical or dental expenses in addition to the amount of the child support obligation determined in accordance with the schedule. The court shall issue a separate order for extraordinary medical or dental expenses, including, but not limited to, orthodontia, psychological, appropriate private education, and other expenses, and may consider the expenses in adjusting a child support order.

Appellant's assignment of error asks that we resolve whether paragraphs seven and eight of the trial court's judgment entry conflict with R.C. 3113.215(B)(5)(f). However, we are unable to resolve this assignment of error.

R.C. 3113.215(B)(5)(f) forbids the trial court to impose a scheduled sum on the obligor for reasonable and ordinary uninsured health costs, in addition to the amount of child support the obligor is required to pay in accordance with the worksheets. In assignment of error number one, we found that the trial court did not follow the child support worksheet in arriving at the figure appellant owed for child support. Since the trial court did not determine the amount of child support in accordance with the worksheet, we are unable to determine whether the trial court erred in ordering appellant to pay any amount of uninsured health care costs over fifty dollars.

Thus, we are unable to determine whether the trial court abused its discretion in making such an order regarding "ordinary health care expenses" and "extraordinary health care expenses" when appellant's financial resources are not known. Appellant is currently incarcerated and no mention is made by the trial court that appellant has means to pay *any* child support or *any* health care costs.

A review of R.C. 3113.217, in addition to R.C. 3113.215, will aid in the determination of allocating health care costs.

This assignment of error is well taken.

For the above stated reasons, the judgment of the Auglaize County Common Pleas Court is reversed and the cause remanded for proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS, P.J., and THOMAS F. BRYANT, J., concur.