O P I N I O N
William F. Smith appeals from an order requiring Carol A. Smith, his former spouse, to pay child support in the amount of $200 per month for the benefit of their minor child, who is in William's[1] custody.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING A DOWNWARD DEVIATION OF CHILD SUPPORT FROM $394 TO $200 PER MONTH.
The matter of Carol's child support obligation came before the court on William's motion for an increase in the amount of that support, which had been set at $152 per month. The matter was referred to a magistrate. In his decision, the magistrate increased Carol's support obligation to $200 per month, even though the computations required by R.C. 3113.21.5 yield an obligation for Carol in the amount of $394 per month.
William filed objections to the magistrate's decision. The trial court overruled the objections, finding that the deviation of $194 per month from the standard child support schedule was warranted by (1) the difference in the parent's income, (2) the difference in their assets and other financial resources, (3) their respective standard of living and circumstances, and (4) the physical and emotional needs of the child. William filed a timely notice of appeal from the trial court's order.
The amount of child support which the calculations required by R.C. 3113.21.5 may yield enjoy a strong presumption of correctness because they are uniform and fair. However, the child support schedule is not a procrustean bed on which the law arbitrarily and ruthlessly forces parties to lie. R.C. 3113.21.5 (B)(3) permits the court to deviate from the amounts prescribed "in cases in which the application of the schedule . . . would be unjust or inappropriate and would not be in the best interest of the child." The section sets out fifteen factors and criteria which the court may consider in making a deviation.
The four matters that the trial court identified as a basis for deviating from the child support schedule are among the factors and criteria set out in R.C. 3113.21.5(B)(3). William argues that, nevertheless, "[t]he simple facts of this case require nothing out of the ordinary or noteworthy which would require deviation."
The trial court is granted wide discretion in deviating from the child support schedules. We do not review its decision in that regard de novo, but on an abuse of discretion standard. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
The record demonstrates that William's income is forty percent greater than Carol's, and that his financial circumstances since their divorce have grown more stable and secure than have hers. The trial court related these differences to the needs of their child, and found that a deviation from the basic support schedule in the amount that it ordered was appropriate. We find no abuse of discretion.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO MAKE THE INCREASE IN CHILD SUPPORT RETROACTIVE TO THE DATE OF FILING OF DEFENDANT'S MOTION.
William filed his motion to increase support from $152 per month on April 19, 1996. The magistrate ordered an increase to $200 per month on May 11, 1998, making the obligation effective the same date. On September 17, 1998, the court affirmed the magistrate's decision to increase support to $200 per month, effective May 11, 1998. The court declined to make its order retroactive to the date of William's motion, more than two years before, because "creation of a large arrearage at the onset of a child support increase would be inequitable in this case." (Decision and Judgment, p. 3).
A court that issues a child support order retains jurisdiction to modify its order until the child is emancipated, and may do so for a demonstrated change of circumstances. The modification ordered may be made retroactive to the date that a motion seeking it was served on the obligor. Hamilton v. Hamilton
(1995), 107 Ohio App.3d 132; Tobens v. Brill (1993), 89 Ohio App.3d 298;Osborne v. Osborne (1992), 81 Ohio App.3d 666. However, whether to make it thus retroactive is a question left to the sound discretion of the trial court. Absent some demonstrated wrongdoing on the part of the obligor, and in view of a hardship that the resulting "arrearage" would create, the court is justified in making its modification effective the date on which it is ordered.
The trial court acted within its discretion in making its order effective the date the increase was ordered in the magistrate's decision. We see no abuse of discretion. Blakemore,supra.
The second assignment of error is overruled.
Conclusion
Having overruled the errors assigned, we will affirm the judgment from which the appeal was taken.
BROGAN, J., concurs.
FAIN, J., dissents.
[1] For purposes of clarity and economy, the parties are identified by their first names.