OPINION
Defendant-appellant Robert E. Reck appeals from an order fixing the amount and commencement date of his child support obligation. We conclude that the trial court did not abuse its discretion in determining either the amount or the commencement date of the child support order. Accordingly, the judgment of the trial court is Affirmed.
 I
Defendant-appellant Robert E. Reck and plaintiff-appellee Julie Ann Reck (now Wright) were divorced in 1993. At the time of the divorce, the parties had three minor children of the marriage: Samuel, Brandon and Erica. As part of the divorce decree, the parties entered into an agreed shared parenting plan in which the parties' three minor children were to reside with Wright during the school year and with Reck during the summer. The plan also required Reck to pay child support in the amount of $66.67 per week per child plus poundage.
In 1998, the parties entered into an agreed order modifying their shared parenting plan. The modification essentially reversed the children's previous living arrangements. The modification also eliminated the payment of child support by either party.
On April 18, 2000, Wright filed a motion to modify custody as to Erica and for child support. In the motion she also sought support for Samuel, who was living with her at the time. In response, Reck filed a motion to terminate the shared parenting plan.
A hearing was held before a magistrate on October 16, 2000. During the hearing, the parties read into the record a partial agreement providing that Erica would reside with Wright and Brandon would reside with Reck.[1] The only issues left for the magistrate's determination were the amount of child support and the dependency income tax exemption. The magistrate awarded the dependency tax exemption for both children to Reck, and also ordered Reck to pay child support to Wright in the amount of $436.15 per month commencing December 15, 2000.
Both parties filed objections to the magistrate's decision. Of relevance to this appeal, Wright claimed that the magistrate erred in the commencement date of the child support, and Reck claimed that the magistrate erred in the amount of support awarded.
The trial court adopted the magistrate's decision regarding the amount of child support, but altered the support commencement date of the support, and ordered Reck to pay support for Samuel for a period from April 18, 2000, until his emancipation on May 29, 2000. As to Erica, the trial court ordered Reck's child support obligation to commence as of May 29, 2000.
From this judgment, Reck appeals.
 II
Reck's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN FINDING THAT, AS A MATTER OF LAW, IF A CHILD SUPPORT ORDER SHOULD BE MODIFIED IT CAN ONLY MAKE SUCH MODIFICATIONS EFFECTIVE FROM THE DATE THE MOTION FOR MODIFICATION WAS FILED.
Reck contends that the trial court erred in determining the commencement date of his child support obligation with regard to Samuel and Erica. In support, he claims that the record reveals that the trial court misinterpreted the holding in Tobens v. Brill (1993),89 Ohio App.3d 298, as standing for the proposition that any child support modification can only be made effective from the date the motion for modification was filed.
We note that the trial court did cite Tobens, supra, for the proposition that any modification in support must be made effective from the date of the motion for modification. We agree with Reck that this interpretation is incorrect. Instead, a trial court may, but is not required to, make a modification of support retroactive to the date the motion was filed. See, Harter v. Harter (Feb. 26, 1998), Allen App. No. 1-97-55, unreported. This court has also held that a modification order may be made retroactive to the date of the motion seeking it. Smith v.Smith (May 21, 1999), Montgomery App. No. 17486, unreported, citations omitted. The question of whether to make it retroactive is a question left to the sound discretion of the trial court. Id. What Tobens was expressing, if somewhat in artfully, was that an order modifying child support cannot be made retroactive to some time before the date the motion was filed. In other words, the retroactivity of the order can only extend as far back as the date the motion was filed, and no further.
In the case before us, while the trial court's decision did cite theTobens case incorrectly, the decision indicates that the judge was aware that he was not required to make any modification retroactive to the date of the filing of the motion. Although the trial court made the support award with regard to Samuel retroactive to the date of the motion, the award with regard to Erica was only made retroactive to May 29, 2000, the date that Erica began residing with Wright, rather than the earlier date of the filing of the motion to modify.
The record fails to support Reck's claim that the trial court either misapplied the law or that it abused its discretion in determining the effective date of the support obligation. Accordingly, the First Assignment of Error is overruled.
 III
Reck's Second Assignment of Error provides:
 THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE AND ENFORCE THE AGREED ENTRY MODIFYING SHARED PARENTING FILED WITH THAT COURT ON JULY 9, 1998.
In this Assignment of Error, Reck argues that the trial court erred by failing to utilize the child support worksheet that the parties submitted with the July 9, 1998 agreed order, in determining the amount of his child support obligation. Alternatively, he contends that the trial court erred by failing to deviate from the child support guidelines. This argument is based upon his contention that the trial court should have taken notice of the fact that Wright did not pay any financial support for the children from the time the July 9, 1998 agreement went into effect.
We find no support whatsoever in the record before us for the claim that the trial court was required to utilize the child support worksheet submitted in 1998 in calculating support. First, that agreement in no way purports to bind the parties or the trial court to the use of that worksheet in calculating support. Second, the 1998 worksheet contains gross income figures that are dramatically lower than the income figures submitted at the hearing before the magistrate. Specifically, the 1998 worksheet indicates that Reck's gross income was $50,746 and that Ms. Wright's was $15,912, while the 2000 worksheet indicates that his income was $75,000 and hers was $26,000. We find that there is nothing in the record to indicate that the parties agreed to utilize the 1998 worksheet, and that the trial court did not, given the change in income, abuse its discretion by using a more current worksheet in determining Reck's support obligation.
We next address the claim that the trial court was required to deviate from the child support guidelines in determining Reck's obligation. Reck contends that the trial court was required to consider the fact that Wright had not supported the children for "approximately three years" as a factor mandating deviation from the guidelines. This would be a stronger argument if Reck's having foregone receiving child support during that time had made it particularly difficult, if not impossible, for him to pay child support during the entire subsequent period when the children began living with Wright. The evidence in the record indicates to the contrary, that the support Reck has been ordered to pay is well within his means. This leaves Reck with the argument that it is inequitable not to give him some sort of credit, against his child support obligation, for the child support that he forbore to demand of Wright during the time the children were living with him. In our view, the trial court, in the sound exercise of its discretion, was not required to do so. The agreement between the parties that Reck would not receive child support from Wright may well have encompassed other agreements between the parties, tacitly if not expressly, that were advantageous to Reck. Furthermore, Wright was entitled to order her affairs in reliance upon the agreement that she would not be paying child support, and it would be inequitable to impose that burden retroactively upon Wright, by crediting against his child support obligation the child support Reck earlier forbore to demand of her, when she might have been more conservative in the management of her financial affairs had she known that was a possibility.
Reck's Second Assignment of Error is overruled.
 IV
Both of Reck's Assignments of Error being overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.
[1] The oldest child, Samuel, had become emancipated.