[Cite as *Sage v. Gallagher*, 2014-Ohio-1598.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| HEATHER (GALLAGHER) SAGE | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 13 CA 64 |
| RONALD C. GALLAGHER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2009-DIV-0596

JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      April 14, 2014


APPEARANCES:

For Plaintiff-Appellee

RAYMOND G. FESMIER
28 Park Avenue West
Suite 501
Mansfield, Ohio 44902

For Defendant-Appellant

CHARLES D. LYNCH
CALHOUN, KADEMENOS & CHILDRESS
Six West Third Street, #200
Mansfield, Ohio 44902

*Wise, J.*

{¶1}. Appellant Ronald C. Gallagher appeals the post-decree decision of the Richland County Court of Common Pleas, Domestic Relations Division, which terminated Appellee Heather Gallagher's spousal support obligation to him. The relevant facts leading to this appeal are as follows.

{¶2}. Appellant and appellee were married on September 23, 1995, in Perrysville, Ohio. Appellee filed a complaint for divorce on May 6, 2009.

{¶3}. The divorce proceeded to a final hearing on November 1, 2010. Via a judgment entry on February 8, 2011, the trial court granted the parties a divorce. Among other things, Appellee Heather was ordered to pay spousal support to Appellant Ronald in the amount of $1,500.00 per month, effective on the date of the filing of the decree. The obligation was ordered to be terminated upon the death of either party, upon appellant's remarriage or "cohabitation with an adult, unrelated female not his spouse," or after the passage of five years, whichever condition were to occur first. The trial court further maintained continuing jurisdiction to modify the amount of spousal support, but not the term thereof.

{¶4}. On February 8, 2013, appellee filed a motion with the trial court to modify or terminate spousal support, alleging that appellant was cohabitating with an unrelated adult female.

{¶5}. The trial court conducted a hearing on June 5, 2013. Appellant, appellant's girlfriend Brenda George, and appellee all testified. Via a judgment entry filed June 20, 2013, the trial court terminated spousal support retroactive to February 8, 2013.

{¶6}. Appellant filed a notice of appeal on July 18, 2013. He herein raises the following two Assignments of Error:

{¶7}. "I. THE TRIAL COURT COMMITTED ERROR IN TERMINATING APPELLEE'S SPOUSAL SUPPORT OBLIGATION.

{¶8}. "II. THE TRIAL COURT COMMITTED ERROR IN NOT CONSIDERING A MODIFICATION OF APPELLEE'S SPOUSAL SUPPORT OBLIGATION."

I.

{¶9}. In his First Assignment of Error, appellant contends the trial court committed reversible error in terminating appellee's spousal support obligation. We disagree.

{¶10}. A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. *See Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An appellate court likewise reviews a trial court's decision regarding the termination of spousal support under an abuse of discretion standard of review. *Hartman v. Hartman*, 9th Dist. Summit No. 22303, 2005-Ohio-4663, ¶ 13. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶11}. "Whether or not a particular living arrangement rises to the level of lifestyle known as 'cohabitation' is a factual question to be initially determined by the trial court." *Moell v. Moell* (1994), 98 Ohio App.3d 748, 752, 649 N.E.2d 880, citing *Dickerson v. Dickerson* (1993), 87 Ohio App.3d 848, 851, 623 N.E.2d 237, 239. " '[C]ohabitation' describes an issue of lifestyle, not a housing arrangement." *Id.*, citing *Dickerson, supra,*

at 850, 623 N.E.2d at 239. When considering this issue, a trial court should look to three principal factors: "(1) [A]n actual living together; (2) of a sustained duration; and (3) with shared expenses with respect to financing and day-to-day incidental expenses." *Moell*, *supra* (additional citations and internal quotations omitted). See, also, *Yarnell v. Yarnell*, 5th Dist. Delaware No. 05 CAF 0064, 2006-Ohio-3929, ¶ 43.

**{¶12}.** In the case sub judice, it is undisputed that appellant and his girlfriend, Brenda George, reside together at the same address in Perrysville, Ohio. Appellant's two children reside there as well, under a shared parenting plan. Appellant and Brenda have been residing together since September 2012, and appellant described the relationship as "intimate." *See* Tr. at 5, 6, 29. *See, also,* Tr. at 38, 61. However, Brenda's name is not on the apartment lease and the utilities are not in her name. Tr. at 42.

**{¶13}.** The transcript further indicates that at the time of the hearing, appellant was the manager of a restaurant named "Fluff and Ed's." Tr. at 13. The restaurant is contiguous to his apartment and shares a common wall. Tr. at 9. As a benefit of employment, the restaurant pays for his cable television and some of the meals for himself and his two children. Tr. at 10, 11, 55. Appellant pays $375.00 per month as rent for the apartment. Included with the rent is the expense for heating, water, sewer and trash. Tr. at 7, 8, 60. Appellant pays an electric bill of approximately $100.00 per month and buys groceries for the apartment in the approximate amount of $50.00 per month. He also buys toilet paper, toothpaste and soap for the house. Tr. at 7, 10, 12.

**{¶14}.** Appellant's girlfriend, Brenda, also works at Fluff and Ed's. Brenda also eats at the restaurant as a benefit of employment. Tr. at 11, 31, 41, 55. Brenda uses her

income from the restaurant job to pay her own bills for cell phone, personal food and snacks, and hygiene items. Although her automobile was broken down at the time of the hearing, she formerly bought gasoline for driving the vehicle. Tr. at 34, 42, 45. Brenda uses water and electricity and she benefits from the television and the heat at the apartment, although, as previously noted, these utilities are either picked up by appellant or included in the rent he pays. Brenda uses some basic items such as toilet paper and toothpaste, and she usually eats one meal a week at the apartment on Sundays when the restaurant is closed. Tr. 31-33, 40. Overall, Brenda testified that she makes no contributions to the living expenses at the apartment. Tr. at 42.

{¶15}.   In reviewing the record, we recognize that the trial court was presented with evidence favoring a technical conclusion that the "shared expenses" factor of *Moell*, *supra*, was weakly demonstrated in terms of joint monetary contributions to the household. However, the *Moell* test need not be as strictly applied in this regard as implicitly suggested by appellant. We believe the overarching principle in such cases is that "[c]ohabitation contemplates a relationship that approximates, or is the functional equivalent of, a marriage." *See Keeley v. Keeley,* 12th Dist. Clermont Nos. CA99–07–075, CA99–080–080, 2000 WL 431362, citing *Piscione v. Piscione,* 85 Ohio App.3d 273, 275 (9th Dist.1992). While in the case sub judice appellant and Brenda were well removed from a pure "50/50" shared expenses arrangement, we find the trial court had the discretion to determine that they were approximating the status of a married couple for purposes of evaluating the continuation of spousal support under appellant's prior divorce.

**{¶16}.** Accordingly, upon review of the record, we are unpersuaded that the trial court abused its discretion in terminating spousal support to appellant under the facts and circumstances of this case.

**{¶17}.** Appellant's First Assignment of Error is overruled.

II.

**{¶18}.** In his Second Assignment of Error, appellant contends the trial court erred in not considering, in the alternative, a modification of appellee's spousal support obligation as requested in appellee's motion of February 8, 2013.

**{¶19}.** Where an obligor's motion to terminate spousal support is based on the occurrence of a condition subsequent, expressly identified in the divorce decree, a trial court has jurisdiction to terminate the spousal support obligation if it determines that the obligee was cohabiting with another person in a relationship that was comparable to marriage. *See Guggenbiller v. Guggenbiller*, 9th Dist. Lorain No. 10CA009871, 2011-Ohio-3622, ¶ 6. Based on our conclusions regarding appellant's First Assignment of Error, the trial court was not required to consider and order modification in lieu of termination of spousal support. We therefore find the Second Assignment of Error to be moot.

{¶20}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, J. and

Baldwin, J. concur

JWW/d 0326