GERLACH, Appellant,

v.

GERLACH, Appellee.

[Cite as *Gerlach v. Gerlach* (1997), 124 Ohio App.3d 246.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APF03–343.

Decided Nov. 25, 1997.

*Chester, Willcox & Saxbe* and *Maryellen Corna*, for appellant.

*Zeiger & Carpenter* and *Steven W. Tigges*, for appellee.

PETREE, Judge.

Plaintiff, Jane M. Gerlach (Bonnie), appeals from the judgment of the Franklin County Court of Common Pleas Court, Division of Domestic Relations, in favor of defendant, James M. Gerlach. Plaintiff sets forth the following assignments of error:

"I. The trial court erred to the prejudice of Appellant in retroactively forgiving a portion of defendant–appellee's child support obligation.

"II. The trial court erred to the prejudice of appellant in finding that plaintiff–appellant's request to reduce child support arrearages was barred by the doctrine of laches.

"A. Plaintiff–appellant did not unreasonably delay bringing her action to reduce child support arrearages to judgment.

"B. Defendant–appellee was not materially prejudiced by plaintiff–appellant's delay in asserting her claim for child support arrearages.

"III. The trial court erred to the prejudice of appellant in failing to permit plaintiff–appellant to introduce evidence to rebut defendant–appellee's laches defense.

"A. Plaintiff–appellant should have been permitted to introduce the testimony of Jill Gerlach regarding plaintiff–appellant's lack of knowledge of the where-abouts of defendant–appellee.

"IV. The trial court erred to the prejudice of appellant in failing to grant plaintiff–appellant's motion to supplement the record with evidence that defendant–appellee perjured himself at the trial.

"V.  The trial court erred to the prejudice of appellant in failing to grant plaintiff–appellant interest on the arrearages owed, as well as the full amount of her attorney's fees."

The parties were divorced on June 21, 1976, pursuant to a divorce decree which incorporated the parties' separation agreement.  That agreement provided that defendant would pay the sum of $50 per week for the support of each of the parties' three minor children, Andrew, Robert, and Jill.  Payments were to be made directly to plaintiff.  Defendant was also made responsible for the extraordinary medical or dental expenses of the children under the terms of the agreement.

On November 17, 1994, more than seventeen years after the original decree was entered, plaintiff filed a motion to reduce the child support arrearages to a lump-sum judgment.  A magistrate of the common pleas court conducted an evidentiary hearing on the motion on October 26, 1995.  On December 13, 1995, the magistrate issued a decision.  Therein, the magistrate concluded that defendant probably did owe plaintiff some child support, but the exact amount of the arrearages could not be calculated with any certainty.  In addressing defendant's laches defense, the magistrate's found that "the plaintiff has unreasonably delayed in seeking the assistance of this court [and] [t]hat delay has materially prejudiced the defendant."  The magistrate ultimately concluded that plaintiff was not entitled to any back child support due to laches, and overruled plaintiff's motion.

Plaintiff filed objections to the magistrate's decision, which objections were heard by the trial court on March 12, 1996.  In its decision dated April 16, 1996, the trial court specifically found that no support was owed to plaintiff for Andrew and Robert because those children resided with defendant.  Accordingly, the court remanded the case for the magistrate to calculate the amount of child support owed by defendant for Jill Gerlach, and to reconsider defendant's laches defense.[1]

Upon remand, the parties stipulated that child support in the sum of $20,457.86 would be owed for Jill "if no support was paid."  However, rather than calculating the amount of support which had actually been paid by defendant, if any, the magistrate found that plaintiff had unreasonably delayed seeking the court's intervention in this matter to the prejudice of plaintiff.  The magistrate concluded that plaintiff's claim for child support was barred by the doctrine of laches and awarded nothing to plaintiff for the past child support.  Plaintiff's subsequent objections to the magistrate's decision were overruled by the trial court in a

---

1.  The magistrate was also directed to grant judgment to plaintiff for the full amount of the orthodontia bill.

decision dated February 6, 1997. Plaintiff appeals to this court from the judgment of the trial court.

In plaintiff's first assignment of error, plaintiff contends that the trial court erred by forgiving child support arrearages for the two children who resided with defendant. We agree.

R.C. 3113.21 provides:

"(M)(1) The termination of a support obligation or a support order does not abate the power of any court to collect overdue and unpaid support or to punish any person for a failure to comply with an order of the court or to pay support as ordered in the terminated support order and does not abate the authority of a child support enforcement agency to issue, in accordance with this section, any notice described in division (D) of this section or of a court to issue, in accordance with this section, any court order as described in division (D)(6) or (7) of this section, to collect any support due or arrearage under the support order.

"(2) Any court that has the authority to issue a support order shall have all powers necessary to enforce that support order, and all other powers, set forth in this section.

"(3) *Except as provided in division (M)(4) of this section, a court may not retroactively modify an obligor's duty to pay a delinquent support payment.*

"(4) *A court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered.*" (Emphasis added.)

It is clear that a trial court may retroactively modify a child support award back to the date the motion to modify the support payments was filed, where equitable considerations require such modification. See, *e.g., State ex rel. Draiss v. Draiss* (1990), 70 Ohio App.3d 418, 421, 591 N.E.2d 354, 356; *Murphy v. Murphy* (1984), 13 Ohio App.3d 388, 389, 13 OBR 471, 472–473, 469 N.E.2d 564, 565–566; and *Hamilton v. Hamilton* (1995), 107 Ohio App.3d 132, 139–140, 667 N.E.2d 1256, 1260–1261. However, retroactive modification of child support beyond the date when the motion to amend the support is filed is strictly prohibited by R.C. 3113.21(M). See *Hamilton; Tobens v. Brill* (1993), 89 Ohio App.3d 298, 304, 624 N.E.2d 265, 268–269; *Osborne v. Osborne* (1992), 81 Ohio App.3d 666, 673–674, 611 N.E.2d 1003, 1008–1009 (absent proof of fraud upon the court, retroactive modification of child support beyond the date of the motion is prohibited).

In this case, defendant did not move the court to modify his child support payments after Andrew and Robert moved into his home. Thus, under R.C. 3113.21(M), defendant remained legally obligated to make support payments to plaintiff for Andrew and Robert. *Hamilton; Tobens;* and *Osborne, supra.* This is true even though the change in the custodial arrangement was by agreement of the parties. The trial court, therefore, erred by retroactively modifying court-ordered child support beyond the date when plaintiff filed her motion in this case. Such retroactive modification is prohibited by statute, and the court is without discretion to make such a modification.

This error notwithstanding, in order for this court to determine whether plaintiff was prejudiced, we must first determine whether laches applies. This issue is raised by plaintiff's second assignment of error.

In plaintiff's second assignment of error, plaintiff contends that the trial court erred in finding that her claim for child support arrearages was barred by the doctrine of laches. In order for this court to overturn the trial court's judgment that a recipient-spouse's motion for child support arrearages is barred by the doctrine of laches, this court must determine that such judgment is against the manifest weight of the evidence. See *Kinney v. Mathias* (1984), 10 Ohio St.3d 72, 10 OBR 361, 461 N.E.2d 901. The judgment of the trial court on this issue is not against the manifest weight of the evidence if it is supported by some competent, credible evidence bearing on each essential element of the defense. *Id.*

In *Smith v. Smith* (1957), 107 Ohio App. 440, 443–444, 8 O.O.2d 424, 426–427, 146 N.E.2d 454, 456–457, the Cuyahoga County Court of Appeals defined the doctrine of laches:

"Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence." See, also, *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 35, 15 OBR 134, 135, 472 N.E.2d 328, 329.

The trial court concluded that plaintiff's delay in bringing her motion was unreasonable. In support of this conclusion, the court found that plaintiff had knowledge of defendant's whereabouts and could have brought her action for back child support at a much earlier date.

At the hearing before the magistrate, plaintiff explained her eighteen-year delay in bringing this support action by claiming that she did not know where defendant resided. The magistrate did not find plaintiff's explanation to be credible. The trial court apparently agreed.

The record herein contains evidence that plaintiff maintained a close relationship with her two sons who resided with defendant; both parties attended the children's weddings and plaintiff had spoken with defendant at least once on the telephone while defendant was at his residence. Plaintiff argues that other evidence in the record suggests that defendant deliberately kept his whereabouts from plaintiff. However, in the context of reviewing a trial court's decision on the laches defense, the issue of whether one party has concealed his whereabouts is an issue of fact. See *Johnson v. Johnson* (1991), 71 Ohio App.3d 713, 715, 595 N.E.2d 388, 389. Where there is a genuine dispute in the evidence on this issue, the court of appeals will generally defer to the trial court. *Id.* We find no reason to disturb the trial court's finding on this issue.

Turning to the issue of prejudice, it is clear that plaintiff's eighteen-year delay in bringing this action does not, of itself, establish such prejudice as will support a laches defense. See *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraph three of the syllabus ("Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim."). Nevertheless, plaintiff conceded that defendant made several child support payments during the relevant period, but she could not remember the amount of the payments or their frequency. Defendant testified that he made some payments but was unable to produce any documentary evidence to support that claim; defendant stated that he could not obtain cancelled checks from his bank because of the bank's policy of destroying records after six years. Plaintiff also testified that defendant's late father could have offered testimony on this issue, but that he had died shortly before plaintiff initiated this action. The magistrate found that defendant was prejudiced by his inability to prove the amount of his payments.

When the trial court first considered the magistrate's findings, the trial court was not persuaded that the bank's policy necessarily prevented defendant from establishing the number and the amount of payments. See Decision and Entry dated April 16, 1996. Nevertheless, following remand of the case, the trial court apparently adopted this reasoning.

Although we tend to agree with the trial court's initial assessment of defendant's claim of prejudice, defendant's testimony, if believed, does provide some evidence that he was prejudiced by plaintiff's lengthy delay in bringing her action to recover back child support. Given our standard of review on this issue, we are reluctant to reverse where some evidence exists in the record to support the trial court's determination.

■ Moreover, there is even more compelling evidence in the record of prejudice to defendant with respect to child support payments for Andrew and Robert. Indeed, it is not disputed that these two children resided with defendant for a significant amount of time. This arrangement was by agreement of the parties. As stated in the first assignment of error, since the child support obligation was never modified by the court, defendant remained obligated to make child support payments for these two children even though he was providing full support. Defendant never moved to modify the custody or support provisions of his original divorce decree. Defendant testified about this issue at trial:

"Q. [BY MR. TIGGES] During the period of time that Andy was living with you and you were supporting him, do you recall if, during that time, you paid child support payments for Andy to Mrs. Bonnie?

"A. [DEFENDANT] I don't recall making payments once the boy moved in. There were made prior to the time they moved in.

"Q. After Andy began living with you, came to live with you, when you were supporting him, did Mrs. Bonnie complain to you that you were not making child support payments to her for Andy?

"A. I don't recall a complaint.

" * * *

"Q. When this motion was filed, on November 17, 1994, three days after your father died, at that point in time did you believe there was a dispute over child support?

"A. No.

"Q. Why not?

"A. Because I—nobody ever contacted me all those years. I had no reason to think anything.

"Q. If you had known that this dispute was going to arise after these years, is there anything you would have done differently, sir?

"A. I would have tried to—certainly have tried to resolve the matter.

"Q. How would have gone about doing that?

"A. I would probably obtain legal counsel here, tried to get the matter resolved legally.

"Q. I take it paying lawyers is not something you look forward to?

"A. An everyday occurrence.

"Q. Do you believe you should not have to pay back child support arrearage for Andy and Bob during the time they lived with you, when you were supporting them?

"A. No.

"Q. Do you believe you should have to now pay child support arrearage for your daughter Jill?

"A. No.

"Q. Why is that?

"A. The passage of time is so long and the age of the children is 30 and up. I don't think so."

It is reasonable to infer from defendant's testimony that if plaintiff had objected to the discontinuation of support payments for Andrew and Robert or if she had moved the court for an order of contempt, defendant would have asserted the defense that he was the custodial parent paying full support. Under these circumstances, it is clear that plaintiff's seventeen-year delay in seeking child support arrearages caused substantial prejudice to defendant because he has now lost the benefit of this legal defense. As a result, defendant is now burdened with a support obligation which could have been terminated as early as 1977.

Although the trial court was not empowered in this case to relieve defendant of his statutory obligation to pay back child support, the trial court obviously felt that enforcement of the original child support obligation against the defendant under these circumstances would be inequitable. We cannot say that the trial court erred when it concluded that the equitable doctrine of laches barred plaintiff from receiving an inequitable double recovery from defendant. Accordingly, plaintiff's second assignment of error is overruled.

In plaintiff's third assignment of error, plaintiff contends that the magistrate erred by refusing to allow plaintiff to introduce evidence rebutting defendant's laches defense. Plaintiff argues that the testimony of Jill Gerlach would have established that plaintiff did not know the whereabouts of defendant. However, plaintiff made no attempt to proffer Jill Gerlach's testimony for the record. Instead, plaintiff submitted an affidavit some six months after the final hearing was held. Under these circumstances, we cannot find that the trial court erred by refusing to consider this testimony. Accordingly, plaintiff's third assignment of error is overruled.

In plaintiff's fourth assignment of error, plaintiff contends that the trial court erred when it refused to allow plaintiff to supplement the record. Plaintiff claims that the supplementary evidence would have established that defendant perjured himself at the original hearing. The evidence to which plaintiff refers

was available prior to that hearing. Plaintiff could have presented this evidence during her cross-examination of defendant, but did not. Under these circumstances, we cannot say that the trial court abused its discretion by refusing this evidence. Plaintiff's fourth assignment of error is overruled.

In plaintiff's fifth assignment of error, plaintiff contends that the trial court erred in failing to award interest on the arrearages owed and in failing to award attorney fees. However, given the trial court's decision that plaintiff's claims were barred by laches, the trial court had no reason to award interest or attorney fees to plaintiff. Plaintiff's fifth assignment of error is overruled.

Having overruled plaintiff's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

TYACK, P.J., and LAZARUS, J., concur.