OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 25, the records from the court of common pleas and the briefs.
The domestic relations court modified the child support obligation of defendant-husband Jordan Sterns, effective July 10, 1998, after he showed a change of circumstances based on significantly lower income. Husband contests the effective date of the modification, claiming the court should have made the modification retroactive to the date he filed his motion to modify child support, October 31, 1997. Mother has not filed a brief.
The general rule is that modifications of support orders should be retroactive to the date on which the modification is first requested. State ex rel. Draiss v. Draiss (1990), 70 Ohio App.3d 418,421; Gerlach v. Gerlach (1997), 124 Ohio App.3d 246,251. "Any other holding might produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations." Hamilton v. Hamilton
(1995), 107 Ohio App.3d 132, 139-140, quoting Murphy v. Murphy
(1984), 13 Ohio App.3d 388, 389. We review a court's decision as to when to begin modifications to support orders for an abuse of discretion. Hamilton, 107 Ohio App.3d at 139.
Although husband filed his motion to modify child support on October 31, 1997, the court's May 27, 1999 order affirming the magistrate's decision made the modification retroactive to July 14, 1998. The court gave no reason for its deviation from the general rule of making modification of support retroactive to the date the motion was filed, nor do we see any special circumstances justifying a deviation from the general rule on the record. Under the circumstances, we find the court abused its discretion by deviating from the general rule without any elaboration or justification on the record. Oatey v. Oately (Apr. 25, 1996), Cuyahoga App. Nos. 67809 and 67973, unreported. The assigned error is sustained.
Judgment reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and DIANE KARPINSKI, J.CONCUR.
 _________________________________ JOHN T. PATTON, JUDGE