OPINION
This matter presents a timely appeal from a decision rendered by the Columbiana County Common Pleas Court, overruling the objection to the magistrate's decision filed by plaintiff-appellant, Brenda W. Schmidt, and affirming the conclusions reached by the magistrate.
Appellant and defendant-appellee, William A. Wilson, were granted a dissolution of their marriage by judgment entry filed August 27, 1992. Incorporated into the trial court's judgment entry was a shared parenting plan, which was executed by the parties and concerned their sole minor child. Appellant was designated the primary residential parent for the minor child and appellee was obligated to pay child support to appellant.
On April 18, 1995, appellee filed a motion for reallocation of parental rights and responsibilities with regards to the minor child, based upon the fact that the minor child had been living with him for some time. By agreement of the parties, appellee was designated the primary residential parent for the minor child and appellant was required to pay child support to appellee.
Appellant thereafter filed a motion for reallocation of parental rights and responsibilities on March 2, 1998, as a result of the fact that the minor child again began residing with her. A hearing was held before the court magistrate on appellant's motion. Pursuant to the magistrate's decision and judgment entry, which was filed on March 30, 1998, it was determined that since the minor child had reached age eighteen, the court was without jurisdiction to enter an order regarding the allocation of parental rights. However, the magistrate found that in accordance with Ohio law, appellant was entitled to child support from March 2, 1998 until such time as the minor child graduated from high school. The parties were then ordered to submit briefs on whether or not appellee was required to reimburse appellant for child support monies which he received during the time the minor child lived with appellant.
Both parties filed briefs regarding the issue at bar. The magistrate thereafter issued her decision and judgment entry on May 29, 1998. She noted that the parties agreed the minor child began residing with appellant on June 1, 1997. However, based upon the circumstances in this particular case, the magistrate determined that appellant was not entitled to receive child support from appellee retroactive to June 1, 1997. The magistrate further found that appellant did not file her motion for reallocation of parental rights until nine months after the minor child began living with her. Notably, it was alleged that some child support money received by appellee was returned to appellant during the time the minor child was living with her. The court magistrate stated:
 "Although the mother was neglectful in failing to properly and timely file a motion to modify the allocation of parental rights, the father can not (sic) receive a benefit in his inaction in failing to report to the CSEA that the minor child was no longer living with him, and that support should cease." (Magistrate's Decision and Judgment Entry filed May 29, 1998)
The magistrate then scheduled an additional hearing to determine the amount of reimbursement for child support, if any, which appellee would be required to pay to appellant.
A hearing was thereafter held before the court magistrate on June 18, 1998, at which time the parties stipulated to the relevant facts and presented evidence. The magistrate filed her decision and judgment entry on June 26, 1998. She found that the parties' minor child had graduated on June 1, 1998 and therefore, appellee's obligation to pay child support was to cease as of that date. In addition to the child support arrearage which had accumulated since March 2, 1998, the magistrate found that appellee owed appellant the total sum of $255.00, representing child support checks which appellee received and cashed after the date the minor child began living with appellant.
The magistrate further determined that other child support checks totaling $649.98 had been received by appellee during the time the minor child was residing with appellant, but were endorsed over to the minor child, who signed and kept them. The magistrate concluded that the minor child used these funds for support and that since appellee did not keep the funds for himself, he would not be responsible to reimburse appellant the amount of $649.98. Finally, the magistrate found that appellee had received certain child support checks which he had not cashed or given to the minor child. Such checks were to be reissued to appellant by the Columbiana County Child Support Enforcement Agency.
On July 10, 1998, appellant filed an objection to the magistrate's decision, alleging that the magistrate erred in failing to order appellee to reimburse her for the child support checks which he endorsed and then gave to the minor child. Following a hearing and upon due consideration, the trial court filed its judgment entry on September 8, 1998, overruling appellant's objection and affirming the magistrate's decision. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "The Trial Court Erred in Failing to Order Appellee/Father to Reimburse Appellant/Mother For Child Support Payments That He Received During The Time The Magistrate Found He Was Not Entitled to Support From Appellant/Mother."
Appellant agrees that the magistrate properly terminated her obligation to pay child support effective June 1, 1997. Appellant argues, however, that the magistrate abused her discretion in differentiating between child support funds which appellee retained for himself and those which he gave to the minor child. Appellant maintains that the unintended consequence of the magistrate's decision is that any obligee under a child support order can simply endorse a child support payment, give it to their minor child and be absolved of any further liability concerning such funds.
Appellant submits that appellee wrongfully exercised dominion and control over funds which were not his and that he had no right to give those funds to the parties' minor child. Consequently, appellant concludes that since her obligation to pay child support to appellee terminated as of June 1, 1997, any and all child support funds which he received after that date should have been reimbursed to her.
The abuse of discretion standard is applicable to appellate review of matters concerning child support. Booth v. Booth
(1989), 44 Ohio St.3d 142. An abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The court magistrate was correct in retroactively terminating appellant's obligation to pay child support to appellee as of June 1, 1997, the date both parties agreed that the minor child began residing with appellant. While the magistrate noted that appellee failed to inform the child support enforcement agency that the minor child no longer resided with him and child support directed to him should cease, she also noted that appellant was delinquent in failing to promptly bring a motion for modification before the court.
Specifically because appellant did not file her motion for modification in this case until March 2, 1998, the magistrate awarded her child support only from that date until the minor child graduated from high school on June 1, 1998. Such award was appropriate, given the facts in this case, as a retroactive modification of child support beyond the date when the motion to amend the support was filed, is strictly prohibited. Gerlach v.Gerlach (1997), 124 Ohio App.3d 246. Having made the foregoing determinations, the magistrate was then required to establish what amount, if any, appellee owed to appellant for child support payments which he received during the time the minor child was residing with appellant.
Appellee was ordered to reimburse appellant only for child support checks which he received, cashed and kept during the prohibited period. Because the magistrate found that other child support checks, endorsed by appellee and given directly to the parties' minor child, were utilized by the minor child for support, appellee was not required to reimburse appellant or pay a second time for those funds. Appellant clearly does not dispute that the monies at issue were used by the minor child. In that the very nature and purpose of child support is to support a minor child, and given the fact that the minor child in this case incontrovertibly used the monies in question for her support, it would hardly be reasonable to order appellee to repay funds to appellant which were utilized for the intended purpose.
Specifically based upon the stipulated facts and the evidence presented in this case, it cannot be said that the trial court abused its discretion in affirming the magistrate's decision. Both the magistrate and the trial court had competent evidence from which to reach a conclusion in this matter and both made an equitable determination based upon such evidence. The trial court's judgment affirming the decision of the magistrate was not arbitrary, unreasonable or unconscionable, particularly in light of the fact it was determined that the minor child utilized the funds provided to her by appellee as support.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
DONOFRIO, J., concurs, VUKOVICH, J., concurs. See concurringopinion.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE