OPINION
{¶ 1} Plaintiff-appellant, Charles N. Bassett ("appellant"), appeals from the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, denying appellant's motion to discharge his child support arrearage.
 {¶ 2} On August 3, 2000, appellant filed a motion with the trial court requesting that it determine if he owed any child support arrearages. Appellant claimed any arrearage was barred by the doctrine of laches. The motion concerned child support owed for appellant's daughter, Gea d'Marca Bassett, born September 9, 1978. Appellant argued that defendant-appellee, Denise Bassett ("appellee"), interfered with or denied visitation from the time appellee left the marital residence shortly after the child's birth. The parties divorced on April 26, 1979. Appellant was ordered to pay $100 per month in support of his daughter. Appellant asserts that appellee continued to deny him visitation with his daughter, resulting in numerous legal actions in the ensuing years.
 {¶ 3} Appellant eventually ceased paying child support directly to his former wife. Instead, appellant placed the money in a separate savings account. That account later was deemed a marital asset in a divorce from appellant's second wife. Appellant claimed appellee never contacted him regarding the child support. The Trumbull County Child Support Enforcement Agency ("CSEA") inquired about the child support arrearage in 1998, after the child's emancipation. Appellee failed to attend the meeting regarding the support at the CSEA and appellant assumed the matter was closed. In 2000, CSEA again contacted appellant about the arrearage, this time with appellee agreeing to CSEA's efforts to collect the money.
 {¶ 4} The motion came for hearing before the magistrate on September 11, 2000 and November 20, 2000. The magistrate denied appellant's motion to discharge his child support arrearage. On January 23, 2001, appellant filed objections to the magistrate's decision, arguing the magistrate failed to properly conduct an evidentiary hearing and erred in determining that the defense of laches was inapplicable. After the trial court remanded the objections to the magistrate for consideration, the magistrate held a full evidentiary hearing on May 2, 2001. The magistrate determined laches did not bar the claim for the child support arrearage, finding there was not an unreasonable delay in asserting the claim that caused material prejudice to appellant. The trial court adopted the magistrate's decision on September 19, 2001.
 {¶ 5} Appellant objected to the magistrate's decision. Appellant specifically objected to the magistrate's conclusion that appellee's fifteen-year delay in asserting the arrearage claim was not unreasonable and did not result in material prejudice to appellant. Appellant objected to the conclusion that the doctrine of laches was inapplicable. On October 12, 2001, the trial court overruled appellant's objections and entered judgment denying appellant's motion.
 {¶ 6} Appellant assigns the following error for review:
 {¶ 7} "The trial court abused its discretion in failing to apply the doctrine of laches to bar appellee's claim for child support arrears."
 {¶ 8} In his sole assignment of error, appellant argues that the long delay in any attempt to collect the child support arrearage, coupled with appellee's concealment of their daughter from appellant, supported the application of the doctrine of laches in the instant case. Appellant asserts the delay was unexplained by appellee and therefore unreasonable. Appellant submits he lived at only two addresses during the time period, one of which was the marital residence and the other was his mother's home. Further, appellant worked at the same location for twenty-seven years. Appellee never asserted any claim for the child support arrearage during Gea's minority.
 {¶ 9} Appellant maintains he suffered material prejudice because the child's concealment resulted in denying him the right to exercise his visitation rights. Also, appellant argues he was materially prejudiced by the division of the funds set aside for Gea's support in subsequent divorce proceedings. Appellant asserts those funds would have been available to appellee had she brought her claim in a timely manner. Appellant also contends that if the child had not been concealed, he could have requested a modification of his support obligation if appellee had continued to interfere with his visitation rights.
 {¶ 10} Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. Connin v. Bailey (1984), 15 Ohio St.3d 34, 35. Delay, alone, in asserting a right does not constitute laches. Id. Rather, one must show that he or she has been materially prejudiced by the delay of the person asserting the claim. Seegert v. Zietlow (1994),95 Ohio App.3d 451, 457. Length of time in asserting a claim does not, in itself, satisfy a showing of material prejudice. Kinney v. Mathias
(1984), 10 Ohio St.3d 72, 75. Material prejudice is shown by proving either (1) a loss of evidence helpful to the defendant's case; or (2) a change in the defendant's position that would not have occurred if the plaintiff did not delay in asserting his or her rights. State ex rel.Donovan v. Zajac (1997), 125 Ohio App.3d 245.
 {¶ 11} A trial court's decision concerning the application of the doctrine of laches will not be reversed on appeal absent an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment. Rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 12} Appellant first contends he was materially prejudiced by appellee's delay in seeking to collect the child support arrearage because funds, deposited for Gea's support in a separate bank account, were divided as a marital asset in a subsequent divorce. According to the terms of the divorce entry between appellant and appellee, appellant was to make his support payments through CSEA. Appellant admits he did not make the support payments through CSEA. Appellant's attorney advised him to place the funds in a bank account when they could not locate appellee and Gea.
 {¶ 13} A court need not credit support payments made by an obligor, which are not made through the child support enforcement agency in compliance with a court order. Murphy v. Murphy (June 5, 1998), 3rd Dist. No. 1-97-63 , 1998 Ohio App. LEXIS 2626. Rather, it is rebuttably presumed that payments not made through the child support enforcement agency are gifts to the child, unless made to discharge an obligation other than support. R.C. 2301.36(A); Taylor v. Taylor (Nov. 23, 1994), 9th Dist. No. 16738, 1994 Ohio App. LEXIS 5398. The inconvenience of having to meet an existing obligation imposed by an earlier order of a court does not constitute material prejudice. Smith v. Smith (1959),168 Ohio St. 447, 457.
 {¶ 14} In the instant case, appellant began placing his support payments in a separate account on the advice of counsel. Appellant did so after appellee continually denied appellant visitation with Gea. Eventually, appellant claimed appellee concealed her whereabouts and that of their daughter to prevent appellant from exercising his right to visitation.
 {¶ 15} Whether one party concealed his or her whereabouts from the other party is an issue of fact. Generally, a reviewing court will defer to the trial court's resolution of a dispute in the evidence on this issue. Gerlach v. Gerlach (1997), 124 Ohio App.3d 246. In Rhyne v. Rhyne
(Apr. 16, 1998), 10th Dist. No. 97APF06-800, 1998 Ohio App. LEXIS 1633, the father did not seek to terminate or modify his child support obligation, but discontinued the payments because he believed his former wife was hiding their child to thwart his visitation rights. However, the father did not actively attempt to locate the child. The court found the father was not materially prejudiced by the lack of visitation because there was no evidence the child's mother actively concealed their location from the father.
 {¶ 16} In Brooks v. Brooks (June 12, 1992), 11th Dist. No. 91-P-2320, 1992 Ohio App. LEXIS 3075, the father claimed he was denied visitation with his daughter. The trial court granted the father's motion to suspend child support payments. This court rejected the father's contention that not being able to be a part of his daughter's life constituted material prejudice. In part, this court based its holding, finding that there was no material prejudice, upon the father's failure to enforce his visitation rights through the domestic relations court.
 {¶ 17} Unlike Brooks, there is evidence appellant tried to enforce his visitation rights. Appellant filed a motion to show cause in August of 1979, because appellee denied appellant his visitation privileges. The judgment entry ordering appellee to comply with the court ordered visitation noted that appellee had denied appellant visitation since the parties' divorce in April of that year. On November 28, 1980, appellant filed a motion to show cause, demanded a change in custody and termination of support. Appellant filed another motion to show cause and for custody in 1983. Appellee was held in contempt of court in October of 1983.
 {¶ 18} Appellant remarried in 1983. His second wife testified that, during their ten-year marriage, appellant would go to appellee's home for his scheduled visitation, but often no one would answer the door or appellee would retrieve the child before the end of the visitation time. Appellant eventually hired detectives to locate appellee and Gea. The second wife verified that appellant placed his child support payments in a bank account to give to the child at a later date. She also stated appellant pays support for their child in a timely manner and is a wonderful father.
 {¶ 19} Appellee never filed any motions with the court to enforce the child support order, but claimed she advised CSEA that appellant was not paying his support. Appellee acknowledged being contacted by CSEA regarding an administrative hearing on the support arrearage in 1998, after Gea's emancipation. Appellee stated she did not want to be harassed. A representative of CSEA confirmed that appellee did not want the child support arrearage order enforced in 1998. The agency was to issue a termination notice following the 1998 hearing, which appellee did not attend, but the notice was not sent. A termination would have resulted in a cessation of enforcement activities by the agency. CSEA had no record of appellee contacting the agency about appellant's failure to pay support.
 {¶ 20} John Leopardi represented appellant at the time appellant ceased paying support to CSEA and began placing the funds in a separate bank account. Leopardi testified that appellee disappeared when the case reached the point where he would have filed a motion to terminate support because of the interference with visitation, as permitted by statute at that time. Leopardi stated he did not file the motion earlier because he was convinced appellee did not want appellant to have contact with their daughter under any circumstances.
 {¶ 21} Usually, child support and visitation are independent issues and support will not be modified or terminated because of denial of visitation. Fuller v. Fuller (June 14, 2000), 4th Dist. No. 99CA04, 2000 Ohio App. LEXIS 2736. This is because the child support is intended to benefit the child. The obligation to pay child support is separate and distinct from the obligation to comply with visitation. Davis v. Davis
(1988), 55 Ohio App.3d 196.
 {¶ 22} There is evidence in the record showing that appellant made numerous efforts to maintain a relationship with his daughter from the time the parties separated immediately following the child's birth. Appellant unsuccessfully sought a change in custody on more than one occasion. It is also apparent that appellee exhibited a pattern of obstructing or denying appellant's visitation throughout Gea's minority. Appellant lost contact with appellee and Gea for a time. Appellant maintains this was deliberate on the part of appellee in order to conceal the child from him. The trial court made no finding regarding whether appellee actively concealed Gea from appellant. Appellant's counsel testified that it was this concealment which caused him to forgo filing a motion to terminate child support because of interference with visitation, as provided for by statute at that time.
 {¶ 23} Appellant placed his child support payments in a separate bank account, apparently at about the same time that he could no longer locate appellee or Gea. Part of that account was awarded to another spouse in a divorce. Appellant claimed he would have contacted CSEA about giving the funds to Gea if appellee had ever pursued a claim for a child support arrearage prior to this second divorce.
 {¶ 24} The funds appellant placed in a bank account would be considered a gift to Gea as appellant was obligated to pay the child support to CSEA. As such, the account, and the subsequent loss of some of the funds in court proceedings, would not constitute material prejudice for the purposes of the application of the doctrine of laches.
 {¶ 25} We recognize that courts are reluctant to apply laches to forgive a party for failing to pay court-order child support. However, in this case, appellant did try to enforce his visitation rights with Gea until appellee concealed the whereabouts of the child for a period of time. That concealment resulted in appellant's counsel deciding not to file a motion to terminate or suspend his child support payments, as then permitted by statute. Appellant was prejudiced by appellee's failure to pursue collecting the child support at that time because he lost this statutory right to terminate support for interference with visitation. Appellee never sought to enforce the child support order before Gea's emancipation. In 1998, CSEA contacted appellee regarding the arrearage and she still did not want to collect the money. CSEA admitted it then should have issued a termination notice, ending its efforts to collect the arrearage. CSEA's failure to issue the notice led to the renewed inquiry regarding the arrearage in 2000. Appellee never pursued the collection of the child support arrearage until 2000, when Gea was twenty-two years old, and only after CSEA contacted appellee again about the child support arrearage.
 {¶ 26} Even so, whether laches is applicable is not determined by appellee's action, or inaction, in pursuing her right to the child support arrearage. Appellant must prove he was prejudiced by the delay. Appellee's decision to conceal Gea, for a time, led to appellant's decision not to file a motion terminating his child support obligation for interference with visitation. In this way, the interference with visitation resulted in appellant being obligated for more support than he would have if appellee had not concealed the child. Therefore, appellee's delay in asserting her claim for support resulted in a change in appellant's position. This change in position constitutes material prejudice for the purposes of laches.
 {¶ 27} The trial court abused its discretion by not applying the doctrine of laches to bar appellee's claim for a child support arrearage. Appellant's assignment of error is well-taken. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is reversed and judgment is entered for appellant.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.