OPINION
{¶ 1} Appellant, Jefferson County Child Support Enforcement Agency ("CSEA"), appeals a decision of the Jefferson County Common Pleas Court, Juvenile Division. The decision adopted a magistrate's decision denying enforcement of a child support order put forth by the CSEA. Instead, the trial court issued its own support order.
 {¶ 2} Kimberly Harris ("Harris") had a child Ashleigh N. Harris ("Ashleigh") on November 26, 1993. By virtue of Harris' receipt of public assistance and/or services, she assigned child support due and owing her to the Ohio Department of Job and Family Services ("ODJFS"). CSEA, an agent and the enforcement arm of the ODJFS, sought to collect the child support from Ashleigh's father. The CSEA determined William D. Ross, Jr. ("Ross") was the father after genetic testing.
 {¶ 3} An administrative support hearing was held at the CSEA on September, 10, 1998. Both Harris and Ross appeared at the hearing. On September 15, 1998, an Administrative Order for the Payment of Child Support was issued by the CSEA requiring Ross to pay support in the amount of $55.92 per month, plus a 2 percent processing charge, effective October 15, 1998. A copy of the order was sent to Ross, and both Harris and Ross were given notice of their right to object to the order. Neither party lodged any objections.
 {¶ 4} Thereafter, Ross made some payments towards his child support obligation, but each year he consistently fell short of satisfying the entire amount as set forth in the order. He made two partial payments in November and December 1998, as well as in June, August, and November 2001. As of August 31, 2001, he owed $1,722.26 in arrearages.
 {¶ 5} In response, the CSEA filed a "Complaint for Compliance with Administrative Order of Support; for Contempt; and for Judgment on Arrears" on July 20, 2001. Ross failed to respond. At a hearing before a magistrate, the CSEA provided testimony concerning the administrative order and Ross' failure to comply therewith.
 {¶ 6} On December 17, 2001, the magistrate issued a decision denying the relief the CSEA had requested. The magistrate found that the September 10, 1998 administrative hearing lacked procedural due process and impartiality because the hearing was conducted by an employee of the CSEA. The magistrate also declined to enforce the administrative order because Ross had appeared at the administrative hearing pro se and was not advised of his rights. The magistrate also issued its own minimum order of support in the amount of $50 per month, plus a 2 percent processing charge, retroactive to July 20, 2001, the date the CSEA filed its complaint.
 {¶ 7} On April 17, 2002, the CSEA filed objections to the magistrate's decision. On May 17, 2002, the trial court overruled those objections. On June 14, 2002, the trial court issued a judgment entry adopting the findings and recommendations of the magistrate. This appeal followed.
 {¶ 8} The CSEA's first assignment of error states:
 {¶ 9} "The trial court erred by failing to enforce the administrative order of child support."
 {¶ 10} The CSEA argues that since Ohio law authorizes a child support enforcement agency to employ an administrative officer to serve in such capacity, the administrative child support proceeding conducted by it in this case did not lack procedural due process and impartiality.
 {¶ 11} R.C. 3111.53(A) states:
 {¶ 12} "A child support enforcement agency, in accordance with the rules adopted by the director of job and family services pursuant to division (B) of this section, shall employ an administrative officer, contract with another entity to provide an administrative officer, or contract with an individual to serve as an administrative officer to issue administrative orders determining the existence or nonexistence of a parent and child relationship, requiring the payment of child support, or both."
 {¶ 13} The Ohio Administrative Code sets forth the qualifications for an administrative officer. Specifically, Ohio Adm. Code 5101:1-32-01(A) provides:
 {¶ 14} "The CSEA director shall appoint, employ or contract with an individual to serve as an administrative officer of the CSEA. The administrative officer shall be a notary public, an individual with extensive child support program knowledge, someone who is objective and very familiar with issues of paternity and support including establishment, modification and enforcement and conducting hearings that are subject to court review. If the CSEA contracts with another entity or individual to serve as an administrative officer, the contract requirements as set forth in rule 5101:1-29-50 of the Administrative Code must be adhered to and followed."
 {¶ 15} In this case, no one objected to or appealed the administrative order as provided by statute. The order was signed by administrative officer Donna Anderson (Anderson). The record is devoid of any indication that Anderson was unqualified. Thus, the trial court erred in declining to enforce the order on the basis that the administrative hearing was conducted by an employee of the CSEA.
 {¶ 16} The CSEA next takes issue with the court's failure to enforce the order based on its finding that he appeared at the hearing pro se and was not advised of his rights.
 {¶ 17} In this case, Ross received notice of the administrative hearing along with his right to bring along one personal representative. Ohio Adm. Code 5101:1-32-03(G) and (K). When the order was issued, he was likewise advised of his right to object to and appeal that order. He did not object or appeal and, consequently, waived those issues.
 {¶ 18} The CSEA next argues that the trial court erred in failing to find Ross in contempt of the administrative order of child support.
 {¶ 19} R.C. 3121.37 states:
 {¶ 20} "If an obligor or any other person fails to comply with an administrative child support order, the agency that issued the order may request that the juvenile court or other court with jurisdiction under section 2101.022 or 2301.03 of the Revised Code of the county in which the agency is located find the obligor or other person in contempt pursuant to section 2705.02 of the Revised Code."
 {¶ 21} R.C. 2705.02 provides in relevant part:
 {¶ 22} "A person guilty of any of the following acts may be punished as for a contempt:
 {¶ 23} "* * *
 {¶ 24} "(F) A failure to comply with an order issued pursuant to section 3109.19 or 3111.81 of the Revised Code[.]"
 {¶ 25} In this case, although Ross did make some payments towards the support order, it was clear that he did not make all required payments, and thus was in violation of the order. Therefore, he should have been found in contempt.
 {¶ 26} Accordingly, the CSEA's first assignment of error has merit.
 {¶ 27} The CSEA's second assignment of error states:
 {¶ 28} "The trial court erred by establishing a minimum order of child support retroactive to July 20, 2001."
 {¶ 29} The CSEA argues that the administrative order was a final and enforceable order of support which the trial court should have enforced and that the minimum $50 per month order of support issued by the trial court was effectively a retroactive modification of a delinquent support payment.
 {¶ 30} R.C. 3119.83 states:
 {¶ 31} "Except as provided in section 3119.84 of the Revised Code, a court or child support enforcement agency may not retroactively modify an obligor's duty to pay a delinquent support payment."
 {¶ 32} R.C. 3119.84 states:
 {¶ 33} "A court with jurisdiction over a court support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the court support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered."
 {¶ 34} "In other words, this statute provides that a court's modification of a delinquent support obligation may only be made retroactive to the date that the obligor was given notice that a petition to modify has been filed." Hakhamaneshi v. Shabani, 7th Dist. No. 00 CO 36, 2001-Ohio-3292, at ¶ 13. See, also, Gerlach v. Gerlach (1997),124 Ohio App.3d 246, 251, 705 N.E.2d 1287; Hamilton v. Hamilton (1995),107 Ohio App.3d 132, 140, 667 N.E.2d 1256; Tobens v. Brill (1993),89 Ohio App.3d 298, 303-304, 624 N.E.2d 265.
 {¶ 35} Since no request was made to the court, the trial court is barred, by statute, from retroactively modifying appellee's support obligation during this time.
 {¶ 36} Accordingly, the CSEA's second assignment of error has merit.
 {¶ 37} The judgment of the trial court is hereby reversed. The September 15, 1998 Administrative Order for the Payment of Child Support issued by the CSEA is hereby reinstated and this matter is remanded with instructions to enforce said order according to law and consistent with this opinion.
Waite and DeGenaro, JJ., concur.