DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Stephen Walker has appealed from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that overruled his objections to the magistrate's decision and granted Defendant-Appellee Linda Lisbon a judgment of $7,830 for child support arrearages. This Court affirms.
 I {¶ 2} On October 8, 1971, Plaintiff-Appellant Stephen Walker filed for divorce against Defendant-Appellee Linda Walker, now known as Linda Lisbon. The court granted the divorce on January 10, 1972 and filed an order with the divorce decree that granted Appellee permanent custody of the couple's two minor children. The court ordered Appellant to pay child support in the amount of $25 per week.
 {¶ 3} On February 3, 2003, the Summit County Child Support Enforcement Agency (CSEA) notified Appellant of default and potential action regarding delinquent child support owed to Appellee. Appellant requested and was granted an Administrative Mistake of Fact Hearing. The hearing date was set for May 15, 2003. However, Appellant filed a motion in the Summit County Court of Common Pleas, Domestic Relations division requesting that the court declare he was not delinquent in his child support payments. Consequently, the administrative hearing was not held while the motion was pending.
 {¶ 4} A hearing on Appellant's motion was held before a magistrate on July 10, 2003, and the magistrate issued a decision in favor of Appellee. The trial court incorporated and adopted the magistrate's decision in its July 17, 2003 judgment entry. The court entered a judgment in the amount of $13,500 for child support arrearages. Appellant filed an objection to the magistrate's decision on July 30, 2003. A transcript of the July 10, 2003 hearing was filed with the court on October 21, 2003.
 {¶ 5} Appellant argued that he had paid Appellee directly during the 1970's for the support for which she claimed he was delinquent. At the time of the hearing Appellant was unable to locate the cancelled checks to substantiate his claim, but subsequent to the July 17, 2003 magistrate's decision, Appellant located nineteen cancelled checks. Accordingly, Appellant requested a rehearing to admit the newly discovered checks into evidence. In its January 8, 2004 judgment entry, the trial court referred the matter to the magistrate for a remand hearing.
 {¶ 6} The remand hearing was held on February 9, 2004. On February 24, 2004 the magistrate issued a decision granting Appellant a rehearing and vacating the magistrate's decision of July 17, 2003. The trial court adopted the magistrate's decision and a rehearing was scheduled for May 14, 2004.
 {¶ 7} On May 21, 2004, the magistrate issued a decision in favor of Appellee and awarded her a judgment in the amount of $7,830. On May 28, 2004, the trial court incorporated and adopted the magistrate's decision. Appellant filed an objection to the magistrate's decision on June 11, 2004. Appellant then requested that a transcript of the May 14, 2004 hearing be prepared. That transcript was never generated. On September 17, 2004, the trial court issued a post decree journal entry remanding the matter back to the magistrate for rehearing due to the lack of a reviewable record.
 {¶ 8} A rehearing was held on November 22, 2004. The magistrate issued a decision on December 29, 2004, finding in favor of the Appellee and granting a judgment of $7,830 for child support arrearages. The trial court adopted the magistrate's decision in its January 4, 2005 judgment entry.
 {¶ 9} Appellant filed an objection to the magistrate's decision on January 18, 2005. On July 11, 2005, the trial court overruled Appellant's objections and granted Appellee a judgment in the amount of $7,830.
 {¶ 10} Appellant timely appealed, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT COMMITTED THE ERROR PREJUDICIAL TO THE PLAINTIFF'S [sic] IN OVERRULING PLAINTIFF'S OBJECTIONS TO THE DECISION OF THE MAGISTRATE, WHICH DETERMINED THAT THE PLAINTIFF, STEPHEN WALKER OWED DELINQUENT PAYMENT OF CHILD SUPPORT PAYMENTS IN THE AMOUNT $7,830.[sic] FROM JULY 10, 1972 TO JUNE 1, 1983, AND REJECTING THE PLAINTIFF'S ASSERTION OF THE AFFIRMATIVE DEFENSE OF LACHES, TO THE CLAIMS OF THE DEFENDANT AND CSEA, THAT CHILD SUPPORT PAYMENTS ORDERED BY THE TRIAL COURT WERE NOT TIMELY PAID."
 {¶ 11} In his sole assignment of error, Appellant has argued that the trial court erred when it rejected his affirmative defense of laches. Specifically, Appellant has argued that Appellee waited an unreasonable period of time before asserting her rights; that Appellee had no excuse for the delay because she knew of, or had reason to know of Appellant's whereabouts; and that such delay materially prejudiced Appellant in that he discarded evidence of the child support payments in the normal course of affairs seven or eight years after the child support obligation terminated at the youngest child's age of majority. We disagree.
 {¶ 12} A trial court's decision whether or not to adopt a magistrate's decision is reviewed by this Court under the abuse of discretion standard. Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093, at 5. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 13} In the instant matter, Appellant has argued that the trial court erred in rejecting his affirmative defense of laches. Laches is an equitable defense, and this Court reviews a trial court's decision regarding application of the defense under the abuse of discretion standard. Mondl v. Mondl (Dec. 5, 2001), 9th Dist. No. 20570, at 5, citing Allen v. Allen (1990),62 Ohio App.3d 621, 624. "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Id., citingConnin v. Bailey (1984), 15 Ohio St.3d 34, 35. Delay in asserting a right, by itself, is not sufficient to establish the equitable defense of laches. Connin v. Bailey (1984),15 Ohio St.3d at 35. Rather, a litigant must prove that they have been materially prejudiced by the delay of the person asserting the claim. Id. at 35-36.
 {¶ 14} In the present case, the trial court did not abuse its discretion in determining that the equitable defense of laches did not bar Appellee's claim for child support arrearages. Although there was clearly a significant delay in Appellee asserting her rights, Appellant has not shown that he was materially prejudiced by that delay.
 {¶ 15} Appellant has argued exclusively that he was materially prejudiced by Appellee's delay in that during the twenty year span in which Appellee slept on her rights, Appellant discarded evidence of payment of child support in the normal course of affairs. Appellant has claimed that the alleged evidence could prove dispositively that he met his child support obligation. Therefore, Appellant has argued, he was materially prejudiced because he was unable to refute Appellee's claims regarding his alleged delinquency.
 {¶ 16} In support of this argument, Appellant has citedGerlach v. Gerlach (1997), 124 Ohio App.3d 246 and Canfora v.Canfora (Mar. 13, 1985), 9th Dist. No. 11862. We will addressCanfora first. Appellant has claimed that in Canfora, this Court held "under similar circumstances that the defense of laches was available to bar the untimely claim of an obligee to alleged non-payment of child support installment payments." This statement is not entirely accurate. In Canfora, the trial court found that a seventeen year delay materially prejudiced the obligor because records of payment had been destroyed. On review, we affirmed the trial court's decision, not on the merits, but because the appellant-obligee had failed to provide a transcript of the hearing. Therefore, this Court was unable to hold that the trial court's finding was erroneous.
 {¶ 17} The Canfora opinion did not address whether this Court actually approved of the trial court's analysis of the laches issue. Therefore, the Canfora case is inapposite to the dominant issue in the case sub judice, and we decline to extendCanfora's holding farther than the original opinion. Canfora
was not decided on the merits and therefore is inapplicable in the instant case.
 {¶ 18} Appellant has argued that Gerlach stands for the principle that an obligor's loss of substantiating records, due to the delay of the obligee in asserting a claim for delinquent payments, gives rise to the level of prejudice necessary to support the defense of laches. Appellant has essentially argued that an obligor's assertion that the substantiating records were lost or destroyed is per se materially prejudicial and should automatically give rise to the defense of laches. Essentially, Appellant is asking this Court to interpret Gerlach to mean that the inability to produce substantiating records is per se prejudicial and justifies application of the equitable defense of laches. This we decline to do.
 {¶ 19} We begin by noting that Gerlach is a Tenth District Court of Appeals case and is therefore not binding precedent upon this Court. However, we do agree with the trial court's interpretation of Gerlach that laches may apply where the delay results in the destruction of records necessary to establish payment of support. Therefore, we hold that the loss or destruction of records necessary to prove payment of support due to the delay of a claimant to assert their rights may
establish the material prejudice necessary to sustain a laches claim. However, we note with some emphasis that such loss or destruction will not automatically establish the material prejudice necessary to sustain a laches claim.
 {¶ 20} The determination of whether laches is applicable is a factual question. See Kinney v. Mathias (1984),10 Ohio St.3d 72, 74. Therefore, the trial court, as the finder of fact, must evaluate the facts on a case-by-case basis and take into account the credibility of the witnesses when determining the applicability of the doctrine of laches.
 {¶ 21} After a careful review of the record, we cannot say that the trial court abused its discretion when it found that the doctrine of laches did not apply. The trial court, as the finder of fact, found that Appellee was on the whole more credible than Appellant and we are hesitant to second guess that determination. It is well established that the finder of fact is in the "best position to adjudge the credibility of witnesses and give proper weight to their testimony." State v. Knowles, 9th Dist. No. 04CA008476, 2004-Ohio-6080, at ¶ 17, citing State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 22} We recognize that "the trial court is better situated than this court to view the witnesses and observe their demeanor, gestures and voice inflections, and make use of those observations in weighing their credibility." Mondl at 4, citingMyers v. Garson (1993), 66 Ohio St.3d 610, 615. In the instant case, the trial court determined that Appellant's claims that he paid Appellee and then destroyed the proof were less credible than Appellee's claims that she never received the payments. Consequently, the trial court was not persuaded that Appellant was materially prejudiced by Appellee's delay and therefore laches did not apply. Accordingly, since "[a] determination of laches is normally left to the discretion of the trial court[,]" this Court finds that the trial court did not abuse its discretion in rejecting Appellant's assertion of the equitable defense of laches. See Allen v. Allen (1990),62 Ohio App.3d 621, 624.
 {¶ 23} Appellant's sole assignment of error lacks merit.
 III {¶ 24} Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. concurs.