{¶ 25} I respectfully dissent. I believe that the defense of laches is an appropriate defense when an action for support is brought over 20 years after the children have reached the age of majority. The majority argues that we would have to accept and extend the Tenth District Court case of Gerlach v. Gerlach
(1997), 124 Ohio App.3d 246, to mean that the inability to produce records after a reasonable period of time is presumptively prejudicial.
 {¶ 26} When we look at the reasonable length of time for keeping records, the first thing that comes to mind is how long I should keep records for the Internal Revenue Service. I believe it would be unreasonable to expect a person to keep records for 20, 30, or 40 years. I would further hold that once there is a presumption of prejudice that the burden of going forward to show that there were some extenuating circumstances that should be considered in overcoming the presumption should shift to the obligee.
 {¶ 27} This case is perfect for the defense of laches. The obligee argues that the payments between 1972 and 1983 are in question. It is not a case where records within a reasonable period of time are in question. There has to be a point in time that the responsibility of the obligee arises to pursue the obligor, or be forever barred. Otherwise, an obligee, even where payments have been made in total, could, at any time, bring an action hoping the obligor could not produce records to show the payments. The majority decision in this case would encourage just such action. The majority opinion would require an obligor to keep the payment records for a lifetime. The legal theory of laches is to bring some finality of potential liability to a close.