DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Nancy Coe, appeals from an order of the Medina County Court of Common Pleas, Domestic Relations Division, which terminated the obligation of her former husband, appellee Nelson Coe, to pay spousal support to her. We affirm.
 {¶ 2} A judgment of divorce between Ms. Coe and Mr. Coe was journalized on September 4, 2001. The decree provided that Mr. Coe was to pay spousal support to Ms. Coe for four years, but that "spousal support shall terminate earlier should there be remarriage, death, or cohabitation as defined by the Ohio Supreme Court." Subsequently, Mr. Coe moved to terminate spousal support, asserting that Ms. Coe was cohabitating with an unrelated adult male. The trial court granted the motion to terminate spousal support. Ms. Coe now appeals from that order and assigns two errors for our review. Mr. Coe, proceeding pro se, has not filed a brief in this court.
 First Assignment of Error
"The trial court erred in applying a criminal prosecution definition of cohabitation in a termination of spousal support hearing."
 {¶ 3} Through this assignment of error, Ms. Coe argues that the trial court erred when it relied on the definition of cohabitation set forth in State v. Williams (1997),79 Ohio St.3d 459. We disagree.
 {¶ 4} Williams defined cohabitation as follows: "The essential elements of `cohabitation' are (1) sharing of familial or financial responsibilities and (2) consortium." Id. at paragraph two of the syllabus.
 {¶ 5} Ms. Coe contends that reliance upon this definition is inappropriate because Williams was a criminal prosecution for domestic violence, whereas the present case is a domestic relations proceeding seeking the termination of spousal support. More precisely, she argues that cohabitation, such as would terminate spousal support in this case, requires that a paramour had "voluntarily undertaken a duty of total support," and contends that the facts of the present case do not support such a finding. Ms. Coe cites to our decision in In re Dissolution ofBriggs (1998), 129 Ohio App.3d 346, 350, and implies that this court has adopted the "voluntary undertaking of total support" as part of the test of cohabitation.
 {¶ 6} At the outset, we note that Briggs does not use the language quoted above, but instead looks for a "showing of financial support," in order to terminate spousal support on the basis of cohabitation. Briggs, 129 Ohio App.3d at 349. That said, it is unnecessary for us to consider the application ofBriggs to the present matter because the divorce decree in the instant case expressly provides that spousal support shall terminate upon cohabitation "as defined by the Ohio Supreme Court."
 {¶ 7} Williams provides a clear definition of cohabitation by the Ohio Supreme Court and the decision was in existence at the time the parties entered into their settlement agreement, at the creation of the divorce decree, and when the judgment entry of divorce was journalized. Ms. Coe had an opportunity to affect the terms of the agreement and cannot now complain about the contents of it. See Knapp v. Knapp (1986), 24 Ohio St.3d 141,146. Consequently, the explicit language of the divorce decree in the present case must control the result, and that language requires that the Williams definition of cohabitation is dispositive. See Lewers v. Am. Express Trust Co. (Nov. 10, 1997), 5th Dist. No. 96-CA-0354 and Bantz v. Bantz (Dec. 22, 1986), 2nd Dist. No. CA 10045. The trial court did not err in using this definition. Accordingly, the first assignment of error is overruled.
 Second Assignment of Error
"The trial court abused its discretion in finding `cohabitation' on the facts presented in the absence of competent, credible evidence establishing a sharing of familial or financial responsibilities and consortium."
 {¶ 8} In her second assignment of error, Ms. Coe argues that, even under the standard presented by the Supreme Court's two-prong test in Williams, there was no competent, credible evidence to support a finding of cohabitation. We disagree.
 {¶ 9} Williams explains that the factors contributing to a finding of cohabitation are unique to each case, and the degree of weight to be applied to each of the factors must be decided on a case-by-case basis by the trier of fact. Williams,79 Ohio St.3d at 465. As stated above, according to Williams, the essential elements of cohabitation are (1) sharing of familial or financial responsibilities and (2) consortium. Id. at paragraph two of the syllabus. Factors that establish the sharing of familial or financial responsibilities include: "provisions for shelter, food, clothing, utilities, and/or commingled assets." Id. at 465. Factors that establish consortium, include: "mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations." Id.
 {¶ 10} During a hearing before the trial court, Ms. Coe and Mr. Coe each testified on the issue of cohabitation. Ms. Coe testified that her boyfriend had stayed with her on a "non-regular" basis over the course of the past two years. Although he drives a truck and is not physically present all of the time, she stated that his current residence is her household. He maintains a post office box, but some of his mail comes directly to the house. He contributes to the household expenses, has taken one of her children to ball games, has done repair work on the house, contributes money for food and groceries, and does errands for the children. He has not, however, obligated himself to contribute to the land contract on her home.
 {¶ 11} Mr. Coe stated that he has observed the boyfriend's truck at the house on a daily basis, his clothes were scattered around inside the house in boxes, and the boyfriend answered the door while wearing his pajamas. Mr. Coe stated that he believed the boyfriend was living at the home, has been unemployed for a couple months at a time, and has been through nine or ten jobs in the last year. Based on conversations with his children, Mr. Coe stated that he believed Ms. Coe and her paramour had been cohabiting.
 {¶ 12} Upon reviewing this evidence, the trial court indicated that it applied the Williams test and found that Ms. Coe and her paramour were cohabitating in a manner that is "* * * the functional equivalent of a marriage[,]" citing Keeley v.Keeley (Apr. 17, 2000), 12th Dist. Nos. CA99-07-075, CA99-08-080. The trial court's reference to Keeley is consistent with Williams because Keeley specifically cites the two-prong Williams test for cohabitation. The Keeley
court wrote: "We thus find that under the two-prong test ofWilliams, [the former spouse and paramour] were engaged in a relationship which was the functional equivalent of marriage."Keeley v. Keeley, supra.
 {¶ 13} The trial judge also rejected Ms. Coe's argument that the fact that her paramour had not accepted financial responsibility for her debts barred a finding of cohabitation. The trial court reasoned that it is improper for Ms. Coe to use spousal support to provide for her paramour.
 {¶ 14} Upon consideration, we find that there was competent, credible evidence in support of the judgment of the trial court. The second assignment of error is overruled.
 {¶ 15} Ms. Coe's two assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Batchelder, J., concur