DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Don Hartman, appeals from the judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division, which denied appellant's motion to terminate his spousal support obligation. This Court affirms.
 I. {¶ 2} Appellant filed a complaint for divorce from appellee, Carla Hartman, on March 13, 2000. Appellee counterclaimed for divorce on April 26, 2000. The matter was scheduled for trial on December 6, 2000, but the parties reached an agreement that day in lieu of trial. Appellant's counsel read the agreement into the record.
 {¶ 3} In regard to spousal support, appellant's counsel read the following into the record:
"First, your Honor, with regards to spousal support, the parties agree that the sum of $500 per month shall be payable by the [appellant] to the [appellee], and we're going to term it as a property division due to the fact it's not a taxable event to Mr. and Mrs. Hartman, and that the court will have continuing jurisdiction and the amount will be $500 per month until such time as the [appellee] dies, remarries or lives with another in a marital-type relationship.
"As I indicated, the court will retain jurisdiction over the issue of this property division, pseudo-spousal support amount."
 {¶ 4} In regard to the parties' pensions, appellant's counsel read the following into the record:
"With regards to the parties [sic] pensions, each parties [sic] shall be the beneficial owner of their respective pensions."
 {¶ 5} On February 2, 2001, the trial court issued a notice that the final journal entry had not yet been submitted to the court and that the parties must do so within ten days. On February 5, 2001, the trial court filed a judgment entry and decree of divorce, signed by the trial court judge, and approved by appellant's counsel. Appellee's counsel indicated on the judgment entry that she had seen but not approved the entry and decree.
 {¶ 6} The judgment entry and decree of divorce stated in relevant part:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that [appellant] shall pay to [appellee] spousal support of five hundred ($500.00) dollars per month, which sum includes the two percent service fee, to be pro rated according to the pay schedule of the [appellant]. * * *
"Said spousal support shall be termed a property division due to the fact it is not a taxable event to the parties and that the Court will have continuing jurisdiction and said amount shall continue until such time as [appellee] dies, remarries or otherwise cohabits with another in a marital type relationship."
"The Court retains jurisdiction to modify spousal support pursuant to Ohio Revised Code § 3105.18(E)."
 {¶ 7} In a later provision, the judgment entry and decree of divorce provided:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall be the beneficial owner of their respective pensions free from any claim of the other."
 {¶ 8} On October 14, 2003, appellant filed a post decree motion for termination of spousal support, alleging that appellee was residing in a marital-type relationship with a man in California. The matter proceeded to hearing before the magistrate on December 29, 2003. On April 19, 2004, the magistrate issued her decision, finding that appellee was not cohabiting and ordering that appellant's motion to terminate spousal support be denied.
 {¶ 9} Appellant timely objected to the magistrate's decision, arguing that the evidence established that appellee was cohabiting, thereby invoking the provision in the divorce decree regarding the termination of spousal support. Appellee responded, arguing that appellant's obligation to pay $500.00 per month to appellee constitutes a property division, rather than spousal support, and that the property division may not be modified. Appellee argued that the parties' intent was to equalize the distribution of the parties' respective pensions. Appellee continued that, even if appellant's obligation constituted spousal support, the magistrate was correct that appellee was not cohabiting and that spousal support should not terminate.
 {¶ 10} On August 20, 2004, the trial court issued a judgment entry, wherein the court found that appellant's obligation to pay appellee $500.00 per month constitutes a property division not subject to the continuing jurisdiction of the court. The trial court further found that, if appellant's obligation constitutes spousal support, appellee was not cohabiting with Mr. Pardue in a marital-type relationship. Accordingly, the trial court overruled appellant's objections and denied appellant's motion to terminate spousal support. Appellant timely appeals, setting forth two assignments of error for review.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ITS FINDING THAT THE COHABITATION OF APPELLEE WITH BRUCE PARDUE WAS NOT RELEVANT AND IN THE RESULTING ORDER OVERRULING APPELLANT'S MOTION TO MODIFY AND TERMINATE HIS SPOUSAL SUPPORT OBLIGATION AS BEING PROPERTY DIVISION."
 {¶ 11} Appellant argues that the trial court erred by finding that appellant's $500.00 monthly obligation constitutes a property division, which is not subject to modification by the court. This Court agrees. However, this Court further finds that, because the trial court also undertook an alternate analysis of the matter wherein it considered appellant's obligation as spousal support and considered the issue of cohabitation, appellant's first assignment of error is moot.
 ASSIGNMENT OF ERROR II
"THE JUDGMENT OF THE TRIAL COURT WHICH OVERRULED APPELLANT'S MOTION TO TERMINATE HIS SPOUSAL SUPPORT OBLIGATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} Appellant argues that the trial court's finding that appellee was not cohabiting in a marital-type relationship is against the manifest weight of the evidence. This Court disagrees.
 {¶ 13} This Court reviews the trial court's decision regarding the termination of spousal support under an abuse of discretion standard of review. Mottice v. Mottice (1997), 118 Ohio App.3d 731, 735. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 14} Further, when an appellate court evaluates whether a judgment is against the manifest weight of the evidence in a civil context, it uses the same standard of review as that in a criminal context. Schoepfv. Schoepf (Apr. 11, 2001), 9th Dist. No. 00CA007645, citing Frederickv. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286. To determine whether a judgment is against the manifest weight of the evidence:
"the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed * * *. The discretionary power * * * should be exercised only in the exceptional case in which the evidence weighs heavily against the [judgment.]" State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 15} Cohabitation, in the context as a condition for the termination of spousal support, equates to "remarriage." Gatto v. Gatto (July 19, 1995), 9th Dist. No. 17121. In other words, cohabitation as a condition for the termination of spousal support is "designed to preclude an ex-spouse from eluding termination of spousal support as a consequence of remarriage, while obtaining the financial benefits thereof, by refusing to sanctify a meretricious relationship through a marriage ceremony." Id. Spousal support is designed to provide for the necessary support of a former spouse. In re Dissolution of the Marriage of Briggs (1998),129 Ohio App.3d 346, 349. Where the former spouse is living with another person under circumstances where the other person either provides or receives support, then the underlying necessity for spousal support is reduced or ceases to exist. Id.
 {¶ 16} To determine the issue of cohabitation, this Court has consistently held that the trial court should consider three principal factors: "(1) an actual living together; (2) of sustained duration; and (3) with shared expenses with respect to financing and day-to-day incidental expenses." Schoepf, citing Briggs, 129 Ohio App.3d at 349. This Court has further adopted the view that "without a showing of financial support, merely living with an unrelated member of the opposite sex in insufficient, in and of itself, to require termination of spousal support." Schoepf, quoting Briggs, 129 Ohio App.3d at 349. A finding of cohabitation requires more than evidence that the former spouse is living with another with whom she has sexual relations. Gatto.
 {¶ 17} In this case, appellant testified that it was his understanding that appellee was living with a man in California. Appellant had not discussed the matter with appellee, and he had no further information about the relationship.
 {¶ 18} Appellee testified that she had lived with Bruce Pardue for fewer than three months at the time of the hearing. She conceded that they engaged in sexual relations on occasion. Appellee testified, however, that Mr. Pardue did not financially support her. Specifically, she testified that they maintained separate checking accounts and charge accounts. She testified that, while they share the costs of rent and utilities, she pays for her own food in the household. Appellee testified that she and Mr. Pardue own separate vehicles which are titled in their respective names. She continued that she makes her own car payment and pays for her own insurance and gasoline. Appellee testified that she pays her own medical bills and medical insurance, and that Mr. Pardue does not contribute any money in regard to those obligations. Although appellee's affidavit of income and expenses indicated monthly expenses in excess of her monthly income, she testified that she was using inheritance money to pay the obligations which exceeded her income. Appellant provided no evidence to rebut appellee's testimony regarding her financial circumstances.
 {¶ 19} This Court is constrained by our prior case law. Appellee has presented unrebutted evidence that she and Mr. Pardue are not sharing expenses with regard to financing and day-to-day incidental expenses. In addition, although appellee and Mr. Pardue had no other residences, appellee had only lived with Mr. Pardue for fewer than three months at the time of the hearing, arguably not a sustained duration of time. Under these circumstances, there was sufficient evidence to allow the trier of fact to conclude that appellee was not cohabiting with Mr. Pardue in a marital-type relationship. Because appellant failed to present evidence to support his assertion that appellee was cohabiting, the trial court did not abuse its discretion in denying appellant's motion to terminate spousal support. Accordingly, appellant's second assignment of error is overruled.
 III. {¶ 20} Appellant's first assignment of error is moot. Appellant's second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Moore, J. concurs