DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Sharon Glaser, appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division, which granted appellee Michael Glaser's motion to terminate his spousal support obligation. This Court reverses.
 I. {¶ 2} The parties were divorced on June 26, 2002. Under the terms of the divorce decree, appellee was ordered to pay spousal support in the amount of $2,400 per month for a period of 7 years or until appellee's death or appellant's death, remarriage or cohabitation with an unrelated adult male. Multiple motions to show cause were filed by appellant due to appellee's refusal to pay his spousal support obligation. However, after filing these motions to show cause, appellee was always able to pay the full amount of his arrearages to avoid a finding of contempt.
 {¶ 3} After March of 2003, appellee refused to make any further spousal support payments to appellant because he believed that John Calarco, an unrelated adult male, was living with appellant at her Brunswick residence. Again, appellant filed a motion to show cause. On May 19, 2004, appellee filed a motion to terminate spousal support on the ground that appellant was living with an unrelated adult male since September 2002. The matter proceeded to hearing before a magistrate. On July 23, 2004, the magistrate's decision was filed denying appellee's motion to terminate spousal support. Appellee filed objections to the magistrate's decision and appellant responded. The trial court held a hearing on appellee's objections to the magistrate's decision on November 4, 2004. The trial court sustained appellee's objections and granted the motion to terminate spousal support as of May 19, 2004. Appellant timely appealed the trial court's decision, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY REVERSING THE MAGISTRATE'S DECISION AND GRANTING APPELLEE EX-HUSBAND'S MOTION TO TERMINATE SPOUSAL SUPPORT, WHERE ITS FINDING THAT APPELLANT EX-WIFE `COHABITATED,' IN THE LEGAL SENSE OF THE TERM, WITH AN UNRELATED ADULT MALE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} In her sole assignment of error, appellant argues that the trial court's decision to terminate appellee's spousal support obligation was against the manifest weight of the evidence. Specifically, appellant contends that the trial court erred in finding that she was cohabiting with John Calarco. This Court agrees.
 {¶ 5} This Court reviews the trial court's decision regarding the termination of spousal support under an abuse of discretion standard of review. Mottice v. Mottice (1997),118 Ohio App.3d 731, 735. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 6} Further, when an appellate court evaluates whether a judgment is against the manifest weight of the evidence in a civil context, it uses the same standard of review as that in a criminal context. Schoepf v. Schoepf (Apr. 11, 2001), 9th Dist. No. 00CA007645, citing Frederick v. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286. To determine whether a judgment is against the manifest weight of the evidence:
"The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed * * *. The discretionary power * * * should be exercised only in the exceptional case in which the evidence weighs heavily against the [judgment.]" State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 7} Cohabitation, in the context of termination of spousal support, equates to "remarriage." Gatto v. Gatto (July 19, 1995), 9th Dist. No. 17121. In other words, cohabitation as a condition for the termination of spousal support is "designed to preclude an ex-spouse from eluding termination of spousal support as a consequence of remarriage, while obtaining the financial benefits thereof, by refusing to sanctify a meretricious relationship through a marriage ceremony." Id. Spousal support is designed to provide for the necessary support of a former spouse.In re Dissolution of Marriage of Briggs (1998),129 Ohio App.3d 346, 349. Where the former spouse is living with another person under circumstances where the other person either provides or receives support, then the underlying necessity for spousal support is reduced or ceases to exist. Id.
 {¶ 8} To determine the issue of cohabitation, this Court has consistently held that the trial court should consider three principal factors: "(1) an actual living together; (2) of sustained duration; and (3) with shared expenses with respect to financing and day-to-day incidental expenses." Schoepf, citingBriggs, 129 Ohio App.3d at 349. "This Court has further adopted the view that `without a showing of financial support, merely living with an unrelated member of the opposite sex is insufficient, in and of itself, to require termination of spousal support.'" Hartman v. Hartman, 9th Dist. No. 22303,2005-Ohio-4663, at ¶ 16, quoting Briggs,129 Ohio App.3d at 349. "A finding of cohabitation requires more than evidence that the former spouse is living with another with whom she has sexual relations." Hartman at ¶ 16, citing Gatto.
 {¶ 9} In the present case, appellant testified that, at the time of the hearing, her three sons were the only people living with her. Appellant admitted that John Calarco did spend the night at her house on occasion. Appellant further admitted that Mr. Calarco would occasionally keep a change of clothing at her house when he spent the night there. However, appellant stated that Mr. Calarco did not pay any of her bills and that she had never paid any of his bills. Appellant further testified that she and Mr. Calarco never shared any joint accounts. When questioned regarding a piece of mail that was addressed to Mr. Calarco at her address, appellant stated that she did not know how that happened because Mr. Calarco did not receive mail at her address.
 {¶ 10} To support his argument that the trial court correctly found that appellant's relationship with Mr. Calarco constituted cohabitation, appellee relies on this Court's ruling in Coe v.Coe, 9th Dist. No. 03CA0104-M, 2004-Ohio-3845. Appellant's reliance on Coe, however, is misplaced. The facts of Coe are clearly distinguishable from the case sub judice. In Coe, the appellant's paramour financially contributed to her household expenses, gave money toward food and groceries, had some of his mail come directly to her residence, and kept his clothes in boxes at her residence. In the present case, none of those facts were present. Appellee provided no evidence to rebut appellant's testimony regarding her financial circumstances. Appellee merely testified that he stopped paying spousal support when he believed that Mr. Calarco was living with appellant.
 {¶ 11} Appellant has presented unrebutted evidence that she and Mr. Calarco did not share expenses with regard to financing and day-to-day incidental expenses. Under these circumstances, there was insufficient evidence to allow the trier of fact to conclude that appellant was cohabiting with Mr. Calarco in a marital-type relationship. Because appellee failed to present evidence to support his assertion that appellant was cohabiting, the trial court abused its discretion in granting appellee's motion to terminate spousal support. Accordingly, appellant's assignment of error is sustained.
 III. {¶ 12} Appellant's sole assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Moore, J. Boyle, J. concur.